**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| REVOLAZE LLC,<br><br>     Plaintiff,<br><br>  v.<br><br>J. C. PENNEY COMPANY, INC. et al.,<br><br>     Defendants. | C.A. No. 2:19-cv-00043-JRG<br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS'
SECOND AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS
<u>TO PLAINTIFF'S SECOND AMENDED COMPLAINT</u>**

Defendants J.C. Penney Corporation, Inc. ("JCP"), and J. C. Penney Purchasing Corporation ("JCPPC") (collectively "Defendants"),[1] by and through their undersigned attorneys, hereby respond to the Second Amended Complaint for Patent Infringement ("Second Amended Complaint") of RevoLaze LLC ("RevoLaze" or "Plaintiff"), in accordance with the numbered paragraphs thereof as follows, upon information and belief, denying Plaintiff's allegations and averments except those which are expressly admitted herein:

<u>**THE PARTIES**</u>

1.     Defendants are without knowledge and information sufficient to form a belief as to the state of incorporation and principal place of business of RevoLaze, and therefore deny the same.  Defendants also deny the remaining allegations of Paragraph 1.

2.     Defendants admit that JCPenney Company is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business located at

---

[1]  Pursuant to this Court's Order (Dkt. No. 56), Defendant J.C. Penney Company, Inc. ("JCPenney Company") was dismissed from this suit.

6501 Legacy Drive, Plano, Texas 75024. Defendants further admit that JCPenney Company's registered agent in Texas is CT Corp. System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75021. However, as noted above, JCPenney Company was dismissed from this suit pursuant to this Court's Order (Dkt. 56).

3.     Defendants admit that JCP is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 6501 Legacy Drive, Plano, Texas 75024. Defendants further admit that J. C. Penney Corporation, Inc.'s registered agent in Texas is CT Corp. System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75021.

4.     Defendants admit that JCPPC is a corporation duly organized and existing under the laws of the state of New York, with its principal place of business at 6501 Legacy Drive, Plano, Texas 75024. JCPenney Purchasing Corporation's registered agent in Texas is: CT Corp. System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75021 and can be served with process at that address.

5.     JCP admits that it operates stores in this District, including stores located at: (1) Longview Mall, 3550 McCann Road, Longview, Texas 75605; (2) Collin Creek Mall, 821 N. Central Expressway, Plano, Texas 75075; (3) Stonebriar Mall, 2607 Preston Road, Frisco, Texas 75034; (4) Fairview Town Center (formerly known as the Village at Fairview), 301 Stacy Road, Fairview, Texas 75069; (5) Music City Mall f/k/a Vista Ridge Mall, 2401 S. Stemmons Freeway, Suite 4000, Lewisville, Texas 75067; (6) Golden Triangle Mall, 2201 S. Interstate 35 E, Suite D, Denton, Texas 76205; and (7) Sherman Town Center, 610 Graham Drive, Sherman, Texas 75092.  JCPPC denies the allegation in Paragraph 5.

6.      JCP admits that it offers for sale and sells merchandise, including jeans bearing the registered trademark Arizona Jean Co.®   JCP denies the remaining allegations of Paragraph 6.  JCPPC denies the allegations in Paragraph 6.

7.      JCP admits that it is a retailer and operates department stores and the website address is www.jcpenney.com. JCP denies the remaining allegations of Paragraph 7. JCPPC denies the allegations in Paragraph 7.

## JURISDICTION AND VENUE

8.      Paragraph 8 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants admit that the Second Amended Complaint purports to be an action that arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and more particularly 35 U.S.C. § 271.

9.      Paragraph 9 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants do not contest the Court's jurisdiction over the subject matter of this action.

10.      Paragraph 10 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit general personal jurisdiction in this judicial district for the limited purposes of this action only.  Defendants deny the remaining allegations of Paragraph 10.

11.      Defendants admit that JCP distributes, offers for sale, sells, and advertises various products in the United States, the State of Texas, the Eastern District of Texas, and through its website, https://www.jcpenney.com. Defendants admit that JCP operates stores in Texas. Defendants also admit that JCP distributes and/or ships some, but not all, products that are sold through the www.jcpenney.com website. To the extent that Paragraph 11 alleges that unspecified "manufacturers, distributors, retailers, and others" are Defendants' subsidiaries and agents, that

allegation is denied. Defendants admit that JCPPC imports and sells to JCP some, but not all, products that are resold by JCP at its retail stores or through the www.jcpenney.com website. Defendants also deny the remaining allegations in Paragraph 11.

12.    Denied.

13.    JCPenney Company admits that it is registered to do business in the State of Texas and headquartered in this District in Plano, Texas. JCP admits that it is registered to do business in the State of Texas and headquartered in this District in Plano, Texas. JCPPC admits that it is registered to do business in the State of Texas and headquartered in this District in Plano, Texas. Defendants do not object to this Court's exercise of personal jurisdiction for this action only.

14.    Defendants admit that they maintain regular and established places of business within this District at their principal place of business at 6501 Legacy Drive, Plano, Texas 75024. JCP admits that it operates stores in Texas and within this District, including at the following locations: (1) Longview Mall, 3550 McCann Road, Longview, Texas 75605; (2) Collin Creek Mall, 821 N. Central Expressway, Plano, Texas 75075; (3) Stonebriar Mall, 2607 Preston Road, Frisco, Texas 75034; (4) Fairview Town Center (formerly known as the Village at Fairview), 301 Stacy Road, Fairview, Texas 75069; (5) Music City Mall f/k/a Vista Ridge Mall, 2401 S. Stemmons Freeway, Suite 4000, Lewisville, Texas 75067; (6) Golden Triangle Mall, 2201 S. Interstate 35 E, Suite D, Denton, Texas 76205; and (7) Sherman Town Center, 610 Graham Drive, Sherman, Texas 75092. JCP o admits that it employs individuals in this judicial district. JCPPC denies the allegations of second and third sentences of Paragraph 14.

15.    The allegations in Paragraph 15 are legal conclusions to which no response is required. To the extent there are factual allegations requiring an answer, Defendants deny that

they have "committed acts of patent infringement in this District, specifically, offering for sale and selling at its stores in this District products manufactured using infringing methods in violation of 35 U.S.C. § 271(g)." For the limited purposes of this lawsuit, Defendants do not intend to challenge venue in this District. Defendants deny the remaining allegations in Paragraph 15.

## BACKGROUND

16.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 16, and thus deny the allegations.

17.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 17, and thus deny the allegations.

18.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 18, and thus deny the allegations.

19.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 19, and thus deny the allegations.

20.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 20, and thus deny the allegations.

21.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 21, and thus deny the allegations.

22.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 22, and thus deny the allegations.

23.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 23, and thus deny the allegations.

24.      Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 24, and thus deny the allegations.

25.      Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 25, and thus deny the allegations.

26.      Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 26, and thus deny the allegations.

27.      Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 27, and thus deny the allegations.

28.      Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 28, and thus deny the allegations.

29.      Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 29, and thus deny the allegations.

## THE PATENTS-IN-SUIT AND CLAIMS-IN-SUIT

30.      Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 30, and thus deny the allegations.

31.      Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 31, and thus deny the allegations.

32.      Defendants admit that U.S. Patent No. 5,990,444 (the "'444 Patent"), on its face, states its date of issue as November 23, 1999, and is titled "Laser Method and System of Scribing Graphics." Defendants deny that United States Patent and Trademark Office duly and legally issued the '444 patent.

33.     The allegations in Paragraph 33 are legal conclusions to which no response is required. To the extent there are factual allegations, Defendants lack sufficient information to admit or deny the factual allegations of this paragraph, and thus deny the allegations.

34.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 34, and thus deny the allegations.

35.     Defendants admit that U.S. Patent No. 6,140,602 (the "'602 Patent"), on its face, states its date of issue as October 31, 2000, and is titled "Marking of Fabrics and Other Materials Using a Laser." Defendants deny that the United States Patent and Trademark Office duly and legally issued the '602 Patent.

36.     The allegations in Paragraph 36 are legal conclusions to which no response is required. To the extent there are factual allegations, Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 36, and thus deny the allegations.

37.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 37, and thus deny the allegations.

38.     Defendants admit that U.S. Patent No. 6,252,196 (the "'196 Patent"), on its face, states its date of issue as June 26, 2001, and is titled "Laser Method of Scribing Graphics." Defendants deny that the United States Patent and Trademark Office duly and legally issued the '196 Patent.

39.     The allegations in Paragraph 39 are legal conclusions to which no response is required. To the extent there are factual allegations, Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 38, and thus deny the allegations.

40.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 40, and thus deny the allegations.

41.     Defendants admit that U.S. Patent No. 6,664,505 (the "'505 Patent"), on its face, states its date of issue as December 16, 2003, and is titled "Laser Processing of Materials Using Mathematical Tools." Defendants deny that the United States Patent and Trademark Office duly and legally issued the '505 Patent.

42.     The allegations in Paragraph 42 are legal conclusions to which no response is required. To the extent there are factual allegations, Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 42, and thus deny the allegations.

43.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 43, and thus deny the allegations.

44.     Defendants admit that U.S. Patent No. 6,819,972 (the "'972 Patent"), on its face, states its date of issue as November 16, 2004, and is titled "Material Surface Processing With a Laser That Has a Scan Modulated Effective Power to Achieve Multiple Worn Looks." Defendants deny that the United States Patent and Trademark Office duly and legally issued the '972 Patent.

45.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent there are factual allegations, Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 45, and thus deny the allegations.

46.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 46, and thus deny the allegations.

47.     Paragraph 47 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 47.

48.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 48, and thus deny the allegations.

### JCPENNEY'S INFRINGEMENT AND PRODUCTS MANUFACTURED BY INFRINGING PROCESS[2]

49.  Denied.

50.  Denied.

### KNOWLEDGE OF JCPENNEY'S INFRINGEMENT AND REVOLAZE'S EFFORTS TO ENGAGE IN LICENSING DISCUSSIONS WITH JCPENNEY

51.  Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 51, and thus deny the allegations.

52.  Defendants admit that an email addressed to "Michelle" was sent from an email account styled jschnorf@wsscapital.com to Myron E. Ullman's email account at JCP. Defendants deny the remaining factual allegations of Paragraph 52.

53.  Defendants deny the factual allegations of Paragraph 53.

54.  Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 54, and thus deny the allegations.

55.  Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 55, and thus deny the allegations.

56.  Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 56, and thus deny the allegations.

57.  Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 57, and thus deny the allegations.

58.  Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 58, and thus deny the allegations.

---

[2]  Headings are reprinted here with the same language as used in Plaintiff's Second Amended Complaint, simply for ease of reference, and do not constitute an admission.

59.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 59, and thus deny the allegations.

60.     Defendants admit that RevoLaze sent emails to Janet Link and Diane Lettelleir. Defendants deny the remaining factual allegations of Paragraph 60.

61.     Defendants admit Ms. Lettelleir sent a letter to RevoLaze on September 16, 2015, notifying RevoLaze that she was handling the matter on behalf of JCP.  Defendants deny the remaining factual allegations of Paragraph 61.

62.     Defendants admit that RevoLaze sent an email on September 17, 2015, ███ ████████████████████████████████████. Defendants deny the remaining factual allegations of Paragraph 62.

63.     JCP admits the factual allegations of Paragraph 63.

64.     Defendants admit the factual allegations of Paragraph 64.

65.     Defendants admit that RevoLaze sent an email to JCP on October 9, 2015, ███ ████████████████████████████████████████████████████ ████████████████████████████. Defendants deny the remaining factual allegations of Paragraph 65.

66.     Defendants deny that the October 9, 2015 email from RevoLaze required a response.    Defendants admit that RevoLaze sent an email to JCP on November 13, 2015 ███ ███████████████████████████. Defendants deny the remaining factual allegations of Paragraph 66.

67.     Defendants deny that the October 9, 2015 email from RevoLaze required a response.  Defendants admit that RevoLaze sent an email to JCP on December 9, 2015, █████████

████████████████████████████████████████████████████████. Defendants deny the remaining factual allegations of Paragraph 67.

68.     Defendants deny that the October 9, 2015, November 13, 2015, or December 9, 2015 emails to JCP from RevoLaze required a response.  Defendants admit that RevoLaze sent an email to JCP on January 20, 2016.  Defendants deny any remaining factual allegations of Paragraph 68.

69.     Defendants deny that analysis of images taken of a pair of jeans by a Scanning Electron Microscope provides a basis for determination that the pair of jeans was manufactured using techniques that infringe the asserted RevoLaze patents. Defendants lack sufficient information to admit or deny whether RevoLaze had images from a Scanning Electron Microscope taken or analyzed, and thus deny the allegations.  Defendants deny that images taken by a Scanning Electron Microscope could be used to determine whether a product was manufactured using a technique that infringe the patents asserted in the Second Amended Complaint.

70.     Defendants admit that Alexander Debski of Global IP Law Group, who identified himself as RevoLaze's counsel, sent a letter to Ms. Lettelleir on June 13, 2016, which he designated as "Subject to Federal Rules of Evidence Rule 408."

71.     Defendants admit that Mr. Debski's June 13, 2016 letter related to RevoLaze's allegations of infringement.  Defendants further admit that the letter claimed ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████, most of which had been previously considered to be invalid by the International Trade Commission staff in Response to H&M Hennes & Mauritz L.P. and H&M

Hennes & Mauritz AB's Motion for Summary Determination of Invalidity of the Asserted Patents on the Basis of Indefiniteness in 2015. *See* In the Matter of Certain Laser Abraded Denim Garments, Investigation No. 337-TA-930 (I.T.C. Aug. 18, 2014) (the "ITC Investigation"). Defendants deny the remaining factual allegations of Paragraph 71.

72.     Defendants admit that the June 13, 2016 letter included ███████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████████████████████.

73.     Denied.

74.     Defendants admit that Mr. Debski left voicemails for JCP on June 21, 2016, August 25, 2016, and October 11, 2016.  Defendants lack sufficient information to admit or deny that RevoLaze's counsel left a voicemail on July 25, 2016, as alleged in Paragraph 74, and thus deny the allegation.  Defendants deny that any of the voicemails alleged in Paragraph 74 to have been left by Revolaze's counsel related to JCPenney Company or the products accused of infringement in the Second Amended Complaint.

75.     Denied.

76.     Defendants admit that Mr. Debski sent emails to JCP on July 7, 2016, August 10, 2016, and September 20, 2016, as alleged in Paragraph 75. Defendants deny that the emails alleged in Paragraph 76 to have been sent by RevoLaze's counsel related to products accused of infringement in the Second Amended Complaint.

77.     Denied.

78.     Defendants admit that Mr. Debski sent a letter to JCP dated December 9, 2016, that he again designated as "Subject to the Rules of Evidence Rule 408." Defendants deny that the December 9, 2016 letter related to products accused of infringement in the Second Amended Complaint.

79.     Defendants deny that the December 9, 2016 letter sent by RevoLaze's counsel designated as "Subject to the Rules of Evidence Rule 408 (the "December 9, 2016 Letter"), related to the products accused of infringement in the Second Amended Complaint. Defendant's admit that the December 9, 2016 Letter ████████████████████████████████████ ████████████████████████████████████████████████████████ ████████. Defendants deny that the December 9, 2016 Letter ████████████████ ████████████████████████████████████████████████.

80.     Defendants deny that the December 9, 2016 Letter related to the products accused of infringement in the Second Amended Complaint.  Defendants ████████████████ ████████████████████████████████████████████████████████ ████████████████████████.

81.     Defendants deny that the December 9 Letter to JCP ████████████████ ████████████████████████████████████. Defendants further deny that a further response was required.

82.     Defendants admit that Mr. Debski sent an email to JCP on  November 30, 2017 ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

13

████████████████████████████████. Defendants deny the remaining factual allegation in Paragraph 82.

83.    Defendants admit ████████████████████████████████████

████████████████████████████████████████████████████.

84.    Denied.

85.    Defendants admit that Mr. Graham Gerst of Global IP Law Group, who identified himself as counsel for RevoLaze, sent an email to JCP on October 23, 2018 ████████

████████████████████████████████████████████████████████████████

██████. Defendants lack sufficient information to admit or deny the remaining factual allegations of this paragraph, and thus deny the allegations.

86.    Defendants admit JCP and Mr. Gerst exchanged correspondence on October 31, 2018 and early November of 2018.   Defendants further admit that additional discussions occurred between RevoLaze and JCP after RevoLaze and JCP had signed a mutually agreeable Nondisclosure Agreement effective November 1, 2018, which protected the confidentiality of communications and information.

87.    Defendants admit that RevoLaze's counsel provided JCP information regarding

████████████████████████████████████████████████████████████████

██████  Defendants deny the remaining factual allegations of Paragraph 87.

88.    Defendants deny that analysis of images taken of a pair of jeans by a Scanning Electron Microscope provides a basis for determination that the pair of jeans was manufactured using techniques that infringe the asserted RevoLaze patents. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 88, and thus deny the allegations.

89.     Defendants admit that RevoLaze's counsel provided JCP access to information designated as "Confidential, Subject to NDA" on November 21, 2018. Defendants deny that the information provided to JCP by RevoLaze's counsel ███████████████████████████ ███████████████████ Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 89, and thus deny the allegations.

90.     Denied.

91.     Denied.

## COUNT I: INFRINGEMENT OF PAT. NO. 5,990,444 CLAIM 1

92.     No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

93.     Defendants respectfully refer Plaintiff and the Court to the expired '444 Patent cited in Paragraph 93, which document speaks for itself.

94.     Denied.

95.     Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label. Defendants lack sufficient information to admit or deny whether undefined "products" referred in Paragraph 95 were manufactured outside the U.S., and thus deny the allegations.

96.     Defendants deny they imported the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405. Defendants lack sufficient information to admit or deny importation of undefined "products" as alleged in Paragraph 96, and thus deny the allegation.

97.     JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in the Paragraph 97, and thus denies the allegation. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 97.

98.     Defendants deny the allegations in the first sentence in Paragraph 98. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 98, and thus deny the allegations.

99.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 99, and thus deny the allegations.

100.    Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 100, and thus deny the allegations.

101.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 101, and thus deny the allegations.

102.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 102, and thus deny the allegations.

103.    Denied.

104.    Denied.

## COUNT II: INFRINGEMENT OF PAT. NO. 5,990,444 CLAIM 2

105.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 92 through 104 of the Second Amended Complaint. To

the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

106.     Defendants respectfully refer Plaintiff and the Court to the expired '444 Patent cited in Paragraph 106, which document speaks for itself.

107.     Denied.

108.     Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58258 – 523/4566/015405 have "Made in Mexico" on the label. Defendants lack sufficient information to admit or deny whether undefined "products" referred to in Paragraph 108 were manufactured outside the U.S., and thus deny the allegations.

109.     Defendants deny that they imported the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405. Defendants lack sufficient information to admit or deny importation of undefined "products" as alleged in Paragraph 109, and thus deny the allegations.

110.     JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 110, and thus denies the allegations.   JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 110.

111.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 111, and thus deny the allegations.

112.     Denied.

113.     Denied.

## COUNT III: INFRINGEMENT OF PAT. NO. 5,990,444 CLAIM 3

114.     No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 105 through 113 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

115.     Defendants respectfully refer Plaintiff and the Court to the expired '444 Patent cited in Paragraph 115, which document speaks for itself.

116.     Denied.

117.     Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label. Defendants lack sufficient information to admit or deny whether undefined "products" referred to in Paragraph 117 were manufactured outside the U.S., and thus deny the allegations.

118.     Defendants deny that they imported the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405. Defendants lack sufficient information to admit or deny importation of undefined "products" as alleged in Paragraph 118, and thus deny the allegations.

119.     JCP admits that they offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 product in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 119, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 119.

120.     Paragraph 120 only vaguely alleges undefined "products," therefore Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 120, and thus deny the allegations.

121.     Denied.

122.     Denied.

## COUNT IV: INFRINGEMENT OF PAT. NO. 5,990,444 CLAIM 8

123.     No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 114 through 122 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

124.     Defendants respectfully refer Plaintiff and the Court to the expired '444 Patent cited in Paragraph 124, which document speaks for itself.

125.     Denied.

126.     Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label. Defendants lack sufficient information to admit or deny whether undefined "products" referred in Paragraph 126 were manufactured outside the U.S., and thus deny the allegations.

127.     Defendants deny that they imported the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405. Defendants lack sufficient information to admit or deny the importation of undefined "products" as alleged in Paragraph 127, and thus deny the allegations.

128.     JCPs admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 in the U.S. JCP lacks sufficient

information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 128, and thus denies the allegations.  JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 128.

129.    Paragraph 129 only vaguely alleges undefined "products," therefore Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 129, and thus deny the allegations.

130.    Denied.

131.    Denied.

## COUNT V: INFRINGEMENT OF PAT. NO. 5,990,444 CLAIM 11

132.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 123 through 131 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

133.    Defendants respectfully refer Plaintiff and the Court to the expired '444 Patent cited in Paragraph 133, which document speaks for itself.

134.    Denied.

135.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label. Defendants lack sufficient information to admit or deny whether undefined "products" referred to in Paragraph 135 were manufactured outside the U.S., and thus deny the allegations.

136.    Defendants deny that they imported the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405. Defendants lack sufficient information to

admit or deny the importation of undefined "products" as alleged in Paragraph 136, and thus deny the allegations.

137.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 product in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 137, and thus denies the allegations.  JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 137.

138.    Paragraph 138 only vaguely alleges undefined "products," therefore Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 138, and thus deny the allegations.

139.    Denied.

140.    Denied.

## COUNT VI: INFRINGEMENT OF PAT. NO. 5,990,444 CLAIM 12

141.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 132 through 140 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

142.    Defendants respectfully refer Plaintiff and the Court to the expired '444 Patent cited in Paragraph 142, which document speaks for itself.

143.    Denied.

144.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label.

Defendants lack sufficient information to admit or deny whether undefined "products" referred to in Paragraph 144 were manufactured outside the U.S., and thus deny the allegations.

145.    Defendants deny that they imported the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405. Defendants lack sufficient information to admit or deny the importation of undefined "products" as alleged in Paragraph 145, and thus deny the allegations.

146.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 146, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 146.

147.    Paragraph 147 only vaguely alleges undefined "products," therefore Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 147, and thus deny the allegations.

148.    Denied.

149.    Denied.

## COUNT VII: INFRINGEMENT OF PAT. NO. 5,990,444 CLAIM 21

150.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

151.    Defendants respectfully refer Plaintiff and the Court to the expired '444 Patent cited in Paragraph 151, which document speaks for itself.

152.    Denied.

153.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label. Defendants lack sufficient information to admit or deny whether undefined "products" referred to in Paragraph 153 were manufactured outside the U.S., and thus deny the allegations.

154.    Defendants deny that they imported the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405. Defendants lack sufficient information to admit or deny the importation of undefined "products" as alleged in Paragraph 154, and thus deny the allegations.

155.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 155, and thus denies the allegations.  JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 155.

156.    Defendants deny the allegations in the first sentence in Paragraph 156. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 156, and thus deny the allegations.

157.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 157, and thus deny the allegations.

158.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 158, and thus deny the allegations.

159.    Paragraph 159 only vaguely alleges undefined "products," therefore Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 159, and thus deny the allegations.

160.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 160, and thus deny the allegations.

161.    Denied.

162.    Denied.

## COUNT VIII: INFRINGEMENT OF PAT. NO. 5,990,444 CLAIM 33

163.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

164.    Defendants respectfully refer Plaintiff and the Court to the expired '444 Patent cited in Paragraph 164, which document speaks for itself.

165.    Denied.

166.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label. Defendants lack sufficient information to admit or deny whether undefined "products" referred to in Paragraph 166 were manufactured outside the U.S., and thus deny the allegations.

167.    Defendants deny that they imported the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405. Defendants lack sufficient information to

admit or deny the importation of undefined "products" as alleged in Paragraph 167, and thus deny the allegations.

168.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 168, and thus denies the allegations.  JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 168.

169.    Defendants deny the allegations in the first sentence of Paragraph 169. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 169, and thus deny the allegations.

170.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 170, and thus deny the allegations.

171.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 171, and thus deny the allegations.

172.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 172, and thus deny the allegations.

173.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 173, and thus deny the allegations.

174.    Denied.

175.    Denied.

## COUNT IX: INFRINGEMENT OF PAT. NO. 5,990,444 CLAIM 34

176.   No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 163 through 175 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

177.   Defendants respectfully refer Plaintiff and the Court to the expired '444 Patent cited in Paragraph 177, which document speaks for itself.

178.   Denied.

179.   Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label. Defendants lack sufficient information to admit or deny whether undefined "products" referred to in Paragraph 179 were manufactured outside the U.S., and thus deny the allegations.

180.   Defendants deny that they imported the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405. Defendants lack sufficient information to admit or deny the importation of undefined "products" as alleged in Paragraph 180, and thus deny the allegations.

181.   JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 181, and thus denies the allegations.  JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 181.

182.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 182, and thus deny the allegations.

183.     Denied.

184.     Denied.

## COUNT X: INFRINGEMENT OF PAT. NO. 5,990,444 CLAIM 46

185.     No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

186.     Defendants respectfully refer Plaintiff and the Court to the expired '444 Patent cited in Paragraph 186, which document speaks for itself.

187.     Denied.

188.     Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label. Defendants lack sufficient information to admit or deny whether undefined "products" referred to in Paragraph 188 were manufactured outside the U.S., and thus deny the allegations.

189.     Defendants deny that they imported the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405. Defendants lack sufficient information to admit or deny the importation of undefined "products" as alleged in Paragraph 189, and thus deny the allegations.

190.     JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in

Paragraph 190, and thus denies the allegations.  JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 190.

191.    Defendants deny the allegations in the first sentence of Paragraph 191. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 191, and thus deny the allegations.

192.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 192, and thus deny the allegations.

193.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 193, and thus deny the allegations.

194.    Paragraph 194 only vaguely alleges undefined "products," therefore Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 194, and thus deny the allegations.

195.    Paragraph 195 only vaguely alleges undefined "products," therefore Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 195, and thus deny the allegations.

196.    Paragraph 196 only vaguely alleges undefined "products," therefore Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 196, and thus deny the allegations.

197.    Paragraph 197 only vaguely alleges undefined "products," therefore Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 197, and thus deny the allegations.

198.    Denied.

199.    Denied.

## COUNT XI: INFRINGEMENT OF PAT. NO. 5,990,444 CLAIM 69

200.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

201.    Defendants respectfully refer Plaintiff and the Court to the expired '444 Patent cited in Paragraph 201, which document speaks for itself.

202.    Denied.

203.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label. Defendants lack sufficient information to admit or deny whether undefined "products" referred in Paragraph 203 were manufactured outside the U.S., and thus deny the allegations

204.    Defendants deny that they imported the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405. Defendants lack sufficient information to admit or deny the importation of undefined "products" as alleged in Paragraph 204, and thus deny the allegations.

205.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 205, and thus denies the allegations.  JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 205.

206.    Defendants deny the allegations in the first sentence in Paragraph 206. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 206, and thus deny the allegations.

207.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 207, and thus deny the allegations.

208.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 208, and thus deny the allegations.

209.    Paragraph 209 only vaguely alleges undefined "products," therefore Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 209, and thus deny the allegations.

210.    Paragraph 210 only vaguely alleges undefined "products," therefore Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 210, and thus deny the allegations.

211.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 211, and thus deny the allegations.

212.    Denied.

213.    Denied.

## COUNT XII: INFRINGEMENT OF PAT. NO. 5,990,444 CLAIM 70

214.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 201 through 213 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

215.    Defendants respectfully refer Plaintiff and the Court to the expired '444 Patent cited in Paragraph 215, which document speaks for itself.

216.    Denied.

217.    Defendants admits that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label. Defendants lack sufficient information to admit or deny whether undefined "products" referred to in Paragraph 217 were manufactured outside the U.S., and thus deny the allegations.

218.    Defendants deny that they imported the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405. Defendants lack sufficient information to admit or deny the importation of undefined "products" as alleged in Paragraph 218, and thus deny the allegations.

219.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 219, and thus denies the allegations.  JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 219.

220.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 220, and thus deny the allegations.

221.    Denied.

222.    Denied.

## COUNT XIII: INFRINGEMENT OF PAT. NO. 5,990,444 CLAIM 72

223.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

224.    Defendants respectfully refer Plaintiff and the Court to the expired '444 Patent cited in Paragraph 224, which document speaks for itself.

225.    Denied.

226.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label. Defendants lack sufficient information to admit or deny whether undefined "products" referred to in Paragraph 226 were manufactured outside the U.S., and thus deny the allegations.

227.    Defendants deny that they imported the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405. Defendants lack sufficient information to admit or deny the importation of undefined "products" as alleged in Paragraph 227, and thus deny the allegations.

228.    JCP admits that it offered for sale and sold the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 228, and thus denies the allegations.  JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 228.

229.    Defendants deny the allegations in the first sentence in Paragraph 229. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 229, and thus deny the allegations.

230.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 230, and thus deny the allegations.

231.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 231, and thus deny the allegations.

232.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 232, and thus deny the allegations.

233.    Denied.

234.    Denied.

## COUNT XIV: INFRINGEMENT OF PAT. NO. 6,140,602 CLAIM 99

235.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

236.    Defendants respectfully refer Plaintiff and the Court to the expired '602 Patent cited in Paragraph 236, which document speaks for itself.

237.    Denied.

238.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have

"Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

239.    Denied.

240.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S.

241.    Defendants deny the allegations in the first sentence in Paragraph 241. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 241, and thus deny the allegations.

242.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 242, and thus deny the allegations.

243.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 243, and thus deny the allegations.

244.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 244, and thus deny the allegations.

245.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 245, and thus deny the allegations.

246.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph2461, and thus deny the allegations.

247.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 247, and thus deny the allegations.

248.    Denied.

249.    Denied.

**COUNT XV: INFRINGEMENT OF PAT. NO. 6,140,602 CLAIM 120**

250.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

251.    Defendants respectfully refer Plaintiff and the Court to the expired '602 Patent cited in Paragraph 251, which document speaks for itself.

252.    Denied.

253.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

254.    Denied.

255.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S.   JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 255, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex

Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 255.

256.    Defendants deny the allegations in the first sentence in Paragraph 256. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 256, and thus deny the allegations.

257.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 257, and thus deny the allegations.

258.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 258, and thus deny the allegations.

259.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 259, and thus deny the allegations.

260.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 260, and thus deny the allegations.

261.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 261, and thus deny the allegations.

262.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 262, and thus deny the allegations.

263.    Denied.

264.    Denied.

## COUNT XVI: INFRINGEMENT OF PAT. NO. 6,140,602 CLAIM 123

265.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 251 through 264 of the Second Amended Complaint.

To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

266.    Defendants respectfully refer Plaintiff and the Court to the expired '602 Patent cited in Paragraph 266, which document speaks for itself.

267.    Denied.

268.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

269.    Denied.

270.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 - 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 270, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 - 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 270.

271.    Denied.

272.    Denied.

273.    Denied.

## COUNT XVII: INFRINGEMENT OF PAT. NO. 6,140,602 CLAIM 124

274.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 265 through 273 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

275.    Defendants respectfully refer Plaintiff and the Court to the expired '602 Patent cited in Paragraph 275, which document speaks for itself.

276.    Denied.

277.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 - 523/0120/013673 have "Made in Mexico" on the label.

278.    Denied.

279.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 279, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex

Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 279.

280.    Denied.

281.    Denied.

282.    Denied.

## COUNT XVIII: INFRINGEMENT OF PAT. NO. 6,140,602 CLAIM 141

283.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

284.    Defendants respectfully refer Plaintiff and the Court to the expired '602 Patent cited in Paragraph 284, which document speaks for itself.

285.    Denied.

286.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

287.    Denied.

288.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks

sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 288, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 288.

289.   Defendants deny the allegations in the first sentence in Paragraph 289. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 289, and thus deny the allegations.

290.   Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 290, and thus deny the allegations.

291.   Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 291, and thus deny the allegations.

292.   Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 292, and thus deny the allegations.

293.   Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 293, and thus deny the allegations.

294.   Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 294, and thus deny the allegations.

295.   Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 295, and thus deny the allegations.

296.   Denied.

297.   Denied.

## COUNT XVIX: INFRINGEMENT OF PAT. NO. 6,140,602 CLAIM 142

298.     No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 284 through 297 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

299.     Defendants respectfully refer Plaintiff and the Court to the expired '602 Patent cited in Paragraph 299, which document speaks for itself.

300.     Denied.

301.     Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging - Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN # 58287 - 8971- B- 02795-3 - 523/0120/013673 have "Made in Mexico" on the label.

302.     Denied.

303.     JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 303, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex

Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 303.

304.    Denied.

305.    Denied.

306.    Denied.

## COUNT XX: INFRINGEMENT OF PAT. NO. 6,140,602 CLAIM 143

307.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 298 through 306 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

308.    Defendants respectfully refer Plaintiff and the Court to the expired '602 Patent cited in Paragraph 308, which document speaks for itself.

309.    Denied.

310.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN # 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

311.    Denied.

312.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks

sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 3125, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 312.

313.    Denied.

314.    Denied.

315.    Denied.

## COUNT XXI: INFRINGEMENT OF PAT. NO. 6,252,196 CLAIM 5

316.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

317.    Defendants respectfully refer Plaintiff and the Court to the expired '196 Patent cited in Paragraph 317, which document speaks for itself.

318.    Denied.

319.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label. Defendants lack sufficient information to admit or deny whether the undefined "products" referred in Paragraph 319 were manufactured outside the U.S., and thus deny the allegations.

320.    Defendants deny that they imported the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405. Defendants lack sufficient information to

admit or deny the importation of undefined "products" as alleged in Paragraph 320, and thus deny the allegations.

321.     JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 321, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 321.

322.     Defendants deny the allegations in the first sentence in Paragraph 322. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 332, and thus deny the allegations.

323.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 323, and thus deny the allegations.

324.     Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 324, and thus deny the allegations.

325.     Paragraph 325 only vaguely alleges undefined "products," therefore Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 325, and thus deny the allegations.

326.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 326, and thus deny the allegations.

327.     Defendants deny that the manufacturer of the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 modified the pattern to change the elements to other elements. Paragraph 446 only vaguely alleges undefined "products," therefore

Defendants lack sufficient information to admit or deny any remaining factual allegations of Paragraph 327, and thus deny the allegations.

328.    Defendants deny that the manufacturer of the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 modified the pattern to change the elements to other elements. Paragraph 328 only vaguely alleges undefined "products," therefore Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 328, and thus deny the allegations.

329.    Denied.

330.    Denied.

## COUNT XXII: INFRINGEMENT OF PAT. NO. 6,252,196 CLAIM 11

331.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully.

332.    Defendants respectfully refer Plaintiff and the Court to the expired '196 Patent cited in Paragraph 332, which document speaks for itself.

333.    Denied.

334.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label. Defendants lack sufficient information to admit or deny the importation of undefined "products" as alleged in Paragraph 224, and thus deny the allegations.

335.    Defendants deny that they imported the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405. Defendants lack sufficient information to

admit or deny the importation of undefined "products" as alleged in Paragraph 335, and thus deny the allegations.

336.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 336, and thus denies the allegations.  JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 336.

337.    Defendants deny the allegations in the first sentence in Paragraph 337. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 337, and thus deny the allegations.

338.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 338, and thus deny the allegations.

339.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 339, and thus deny the allegations.

340.    Paragraph 340 only vaguely alleges undefined "products," therefore Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 340, and thus deny the allegations.

341.    Paragraph 341 only vaguely alleges undefined "products," therefore Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 341, and thus deny the allegations.

342.    Paragraph 342 only vaguely alleges undefined "products," therefore Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 342, and thus deny the allegations.

343.    Denied.

344.    Denied.

## COUNT XXIII: INFRINGEMENT OF PAT. NO. 6,252,196 CLAIM 13

345.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

346.    Defendants respectfully refer Plaintiff and the Court to the expired '196 Patent cited in Paragraph 346, which document speaks for itself.

347.    Denied.

348.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label. Defendants lack sufficient information to admit or deny whether undefined "products" referred to in Paragraph 348 were manufactured outside the U.S., and thus deny the allegations.

349.    Defendants deny that they imported the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405. Defendants lack sufficient information to admit or deny the importation of undefined "products" as alleged in Paragraph 349, and thus deny the allegations.

350.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 in the U.S. JCP lacks sufficient

information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 350, and thus denies the allegations.  JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 350.

351.    Defendants deny the allegations in the first sentence in Paragraph 351. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 351, and thus deny the allegations.

352.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 352, and thus deny the allegations.

353.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 353, and thus deny the allegations.

354.    Paragraph 354 only vaguely alleges undefined "products," therefore Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 354, and thus deny the allegations.

355.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 355, and thus deny the allegations.

356.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 356, and thus deny the allegations.

357.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 357, and thus deny the allegations.

358.    Denied.

359.    Denied.

## COUNT XXIV: INFRINGEMENT OF PAT. NO. 6,252,196 CLAIM 14

360.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 346 through 359 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

361.    Defendants respectfully refer Plaintiff and the Court to the expired '196 Patent cited in Paragraph 361, which document speaks for itself.

362.    Denied.

363.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label. Defendants lack sufficient information to admit or deny whether undefined "products" referred to in Paragraph 363 were manufactured outside the U.S., and thus deny the allegations.

364.    Defendants deny that they imported the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405. Defendants lack sufficient information to admit or deny the importation of undefined "products" as alleged in Paragraph 364, and thus deny the allegations.

365.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 365, and thus denies the allegations.  JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 365.

366.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 366, and thus deny the allegations.

367.    Denied.

368.    Denied.

## COUNT XXV: INFRINGEMENT OF PAT. NO. 6,252,196 CLAIM 16

369.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

370.    Defendants respectfully refer Plaintiff and the Court to the expired '196 Patent cited in Paragraph 370, which document speaks for itself.

371.    Denied.

372.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label. Defendants lack sufficient information to admit or deny whether undefined "products" referred in Paragraph 372 were manufactured outside the U.S., and thus deny the allegations.

373.    Defendants deny that they imported the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405. Defendants lack sufficient information to admit or deny the importation of undefined "products" as alleged in Paragraph 373, and thus deny the allegations.

374.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in

Paragraph 374, and thus denies the allegations.  JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 374.

375.    Defendants deny the allegations in the first sentence in Paragraph 375. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 375, and thus deny the allegations.

376.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 376, and thus deny the allegations.

377.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 377, and thus deny the allegations.

378.    Paragraph 378 only vaguely alleges undefined "products," therefore Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 378, and thus deny the allegations.

379.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 379, and thus deny the allegations.

380.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 380, and thus deny the allegations.

381.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 381, and thus deny the allegations.

382.    Denied.

383.    Denied.

## COUNT XXVI: INFRINGEMENT OF PAT. NO. 6,664,505 CLAIM 1

384.     No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

385.     Defendants respectfully refer Plaintiff and the Court to the '505 Patent cited in Paragraph 385, which document speaks for itself.

386.     Denied.

387.     Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

388.     Denied.

389.     JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 389, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex

Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 389.

390.    Defendants deny the allegations in the first sentence in Paragraph 509. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 390, and thus deny the allegations.

391.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 391, and thus deny the allegations.

392.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 392, and thus deny the allegations.

393.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 393, and thus deny the allegations.

394.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 394, and thus deny the allegations.

395.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 395, and thus deny the allegations.

396.    Denied.

397.    Denied.

## COUNT XXVII: INFRINGEMENT OF PAT. NO. 6,664,505 CLAIM 49

398.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

399.    Defendants respectfully refer Plaintiff and the Court to the '505 Patent cited in Paragraph 399, which document speaks for itself.

400.    Denied.

401.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

402.    Denied.

403.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 403, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 403.

404.    Defendants deny the allegations in the first sentence in Paragraph 404. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 404, and thus deny the allegations.

405.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 405, and thus deny the allegations.

406.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 406, and thus deny the allegations.

407.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 407, and thus deny the allegations.

408.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 408, and thus deny the allegations.

409.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 409, and thus deny the allegations.

410.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 410, and thus deny the allegations.

411.    Denied.

412.    Denied.

**COUNT XXVIII: INFRINGEMENT OF PAT. NO. 6,664,505 CLAIM 50**

413.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 399 through 412 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

414.    Defendants respectfully refer Plaintiff and the Court to the '505 Patent cited in Paragraph 414, which document speaks for itself.

415.    Denied.

416.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

417.    Denied.

418.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 418, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 418.

419.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 419, and thus deny the allegations.

420.    Denied.

421.    Denied.

**COUNT XXIX: INFRINGEMENT OF PAT. NO. 6,664,505 CLAIM 51**

422.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 399 through 412 of the Second Amended Complaint.

To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

423.　Defendants respectfully refer Plaintiff and the Court to the '505 Patent cited in Paragraph 423, which document speaks for itself.

424.　Denied.

425.　Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

426.　Denied.

427.　JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 427, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 427.

428.　Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 428, and thus deny the allegations.

429.   Denied.

430.   Denied.

## COUNT XXX: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 1

431.   No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

432.   Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 432, which document speaks for itself.

433.   Denied.

434.   Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

435.   Denied.

436.   JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 436, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona

Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 436.

437.    Defendants deny the allegations in the first sentence in Paragraph 437. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 437, and thus deny the allegations.

438.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 438, and thus deny the allegations.

439.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 439, and thus deny the allegations.

440.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 440, and thus deny the allegations.

441.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 441, and thus deny the allegations.

442.    Denied.

443.    Denied.

## COUNT XXXI: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 2

444.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 432 through 443 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

445.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 445, which document speaks for itself.

446.   Denied.

447.   Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

448.   Denied.

449.   JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 449, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 449.

450.   Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 450, and thus deny the allegations.

451.   Denied.

452.   Denied.

## COUNT XXXII: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 4

453.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 444 through 452 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

454.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 454, which document speaks for itself.

455.    Denied.

456.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

457.    Denied.

458.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 458, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8- 664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B-

02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 458.

459.    Denied.

460.    Denied.

461.    Denied.

## COUNT XXXIII: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 5

462.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 432 through 443 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

463.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 463, which document speaks for itself.

464.    Denied.

465.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

466.    Denied.

467.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks

sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 467, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 467155.

468.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 468, and thus deny the allegations.

469.    Denied.

470.    Denied.

## COUNT XXXIV: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 6

471.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 432 through 443 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

472.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 472, which document speaks for itself.

473.    Denied.

474.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

475.     Denied.

476.     JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 476, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 476.

477.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 477, and thus deny the allegations.

478.     Denied.

479.     Denied.

**<u>COUNT XXXV: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 11</u>**

480.     No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 432 through 443 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

481.     Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 481, which document speaks for itself.

482.     Denied.

483. Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

484. Denied.

485. JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 485, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 485.

486. Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 486, and thus deny the allegations.

487. Denied.

488. Denied.

**COUNT XXXVI: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 12**

489. No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 480 through 488 of the Second Amended Complaint.

To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

490.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 490, which document speaks for itself.

491.    Denied.

492.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

493.    Denied.

494.    JCPs admit that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 494, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 494.

495.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 495, and thus deny the allegations.

496.    Denied.

497.    Denied.

## COUNT XLVII: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 16

498.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 432 through 443 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

499.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 499, which document speaks for itself.

500.    Denied.

501.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

502.    Denied.

503.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 503, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona

67

Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex

Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP

in the U.S. JCPPC denies the remaining allegations in Paragraph 503.

504.    Defendants lack sufficient information to admit or deny the factual allegations of

Paragraph 504, and thus deny the allegations.

505.    Denied.

506.    Denied.

**COUNT XXXVIII: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 17**

507.    No response is required to the general incorporation of the allegations set forth in

Paragraphs 1 through 91 and Paragraphs 432 through 443 of the Second Amended Complaint.

To the extent a response is required, Defendants incorporate by reference their responses

contained in each preceding paragraph of the Answer as though set forth fully herein.

508.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in

Paragraph 508, which document speaks for itself.

509.    Denied.

510.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style

EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label,

Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have

"Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN#

58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

511.    Denied.

512.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans –

Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style

RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 512, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 512.

513.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 513, and thus deny the allegations.

514.    Denied.

515.    Denied.

## COUNT XXXIX: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 18

516.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 432 through 443 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

517.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 517, which document speaks for itself.

518.    Denied.

519.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have

"Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

520.    Denied.

521.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 521, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 521.

522.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 522, and thus deny the allegations.

523.    Denied.

524.    Denied.

## COUNT XL: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 56

525.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

526.   Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 526, which document speaks for itself.

527.   Denied.

528.   Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

529.   Denied.

530.   JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 530, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 530.

531.   Defendants deny the allegations in the first sentence in Paragraph 531. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 531, and thus deny the allegations.

532.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 532, and thus deny the allegations.

533.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 533, and thus deny the allegations.

534.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 534, and thus deny the allegations.

535.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 535, and thus deny the allegations.

536.    Denied.

537.    Denied.

**COUNT XLI: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 57**

538.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 526 through 537 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

539.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 539, which document speaks for itself.

540.    Denied.

541.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

542.    Denied.

543.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans –
Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style
RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/
Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks
sufficient information to admit or deny offering for sale or sale of undefined "products" as
alleged in Paragraph 543, and thus denies the allegations. JCPPC admits that it sold Arizona
Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona
Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex
Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP
in the U.S. JCPPC denies the remaining allegations in Paragraph 543.

544.    Defendants lack sufficient information to admit or deny the factual allegations of
Paragraph 544, and thus deny the allegations.

545.    Denied.

546.    Denied.

**COUNT XLII: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 58**

547.    No response is required to the general incorporation of the allegations set forth in
Paragraphs 1 through 91 and Paragraphs 538 through 546 of the Second Amended Complaint.
To the extent a response is required, Defendants incorporate by reference their responses
contained in each preceding paragraph of the Answer as though set forth fully herein.

548.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in
Paragraph 548, which document speaks for itself.

549.    Denied.

550.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

551.    Denied.

552.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 552, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 552.

553.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 553, and thus deny the allegations.

554.    Denied.

555.    Denied.

### COUNT XLIII: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 59

556.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 547 through 555 of the Second Amended Complaint.

To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

557.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 557, which document speaks for itself.

558.    Denied.

559.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

560.    Denied.

561.    JCP admit that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 561, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 561.

562.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 562, and thus deny the allegations.

563.    Denied.

564.    Denied.

## COUNT XLIV: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 61

565.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 538 through 546 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

566.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 566, which document speaks for itself.

567.    Denied.

568.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

569.    Denied.

570.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 570, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 –

523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B-02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 570.

571.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 571, and thus deny the allegations.

572.    Denied.

573.    Denied.

**COUNT XLV: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 63**

574.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 526 through 537 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

575.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 575, which document speaks for itself.

576.    Denied.

577.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

578.    Denied.

579.   JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 579, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 579.

580.   Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 580, and thus deny the allegations.

581.   Denied.

582.   Denied.

### COUNT XLVI: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 64

583.   No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 538 through 546 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

584.   Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 584, which document speaks for itself.

585.   Denied.

586.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

587.    Denied.

588.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 588, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 588.

589.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 589, and thus deny the allegations.

590.    Denied.

591.    Denied.

## COUNT XLVII: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 72

592.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is

required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

593.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 593, which document speaks for itself.

594.    Denied.

595.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

596.    Denied.

597.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 597, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 597.

598.     Defendants deny the allegations in the first sentence in Paragraph 598. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 598, and thus deny the allegations.

599.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 599, and thus deny the allegations.

600.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 600, and thus deny the allegations.

601.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 601, and thus deny the allegations.

602.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 602, and thus deny the allegations.

603.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 603, and thus deny the allegations.

604.     Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 604, and thus deny the allegations.

605.     Denied.

606.     Denied.

### COUNT XLVIII: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 77

607.     No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 593 through 606 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

608.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 608, which document speaks for itself.

609.    Denied.

610.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

611.    Denied.

612.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 612, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 612.

613.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 613, and thus deny the allegations.

614.    Denied.

615.    Denied.

## COUNT XLIX: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 78

616. No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

617. Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 617, which document speaks for itself.

618. Denied.

619. Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

620. Denied.

621. JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 621, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex

Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 621.

622.   Defendants deny the allegations in the first sentence in Paragraph 622. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 622, and thus deny the allegations.

623.   Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 623, and thus deny the allegations.

624.   Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 624, and thus deny the allegations.

625.   Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 625, and thus deny the allegations.

626.   Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 754, and thus deny the allegations.

627.   Denied.

628.   Denied.

**COUNT L: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 83**

629.   No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

630.   Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 630, which document speaks for itself.

631.   Denied.

632.   Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

633.   Denied.

634.   JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 634, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 634.

635.   Defendants deny the allegations in the first sentence in Paragraph 635. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 635, and thus deny the allegations.

636.   Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 636, and thus deny the allegations.

637.   Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 637, and thus deny the allegations.

638.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 638, and thus deny the allegations.

639.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 639, and thus deny the allegations.

640.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 640, and thus deny the allegations.

641.    Denied.

642.    Denied.

**COUNT LI: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 84**

643.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 630 through 642 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

644.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 644, which document speaks for itself.

645.    Denied.

646.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

647.    Denied.

648.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 648, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 648.

649.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 649, and thus deny the allegations.

650.    Denied.

651.    Denied.

**COUNT LII: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 85**

652.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 630 through 642 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

653.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 653, which document speaks for itself.

654.    Denied.

655.   Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

656.   Denied.

657.   JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 657, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 657.

658.   Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 658, and thus deny the allegations.

659.   Denied.

660.   Denied.

## **COUNT LIII: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 86**

661.   No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 630 through 642 of the Second Amended Complaint.

To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

662.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 662, which document speaks for itself.

663.    Denied.

664.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

665.    Denied.

666.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 666, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 666.

667.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 667, and thus deny the allegations.

668.    Denied.

669.    Denied.

**COUNT LIV: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 87**

670.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 630 through 642 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

671.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 671, which document speaks for itself.

672.    Denied.

673.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

674.    Denied.

675.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 675, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona

90

Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex

Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP

in the U.S. JCPPC denies the remaining allegations in Paragraph 675.

676.    Defendants lack sufficient information to admit or deny the factual allegations of

Paragraph 676, and thus deny the allegations.

677.    Denied.

678.    Denied.

**COUNT LV: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 92**

679.    No response is required to the general incorporation of the allegations set forth in

Paragraphs 1 through 91 of the Second Amended Complaint. To the extent a response is

required, Defendants incorporate by reference their responses contained in each preceding

paragraph of the Answer as though set forth fully herein.

680.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in

Paragraph 680, which document speaks for itself.

681.    Denied.

682.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style

EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label,

Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have

"Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN#

58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

683.    Denied.

684.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans –

Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style

RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 684, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 684.

685.    Defendants deny the allegations in the first sentence in Paragraph 685. Defendants lack sufficient information to admit or deny the remaining factual allegations of Paragraph 685, and thus deny the allegations.

686.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 686, and thus deny the allegations.

687.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 687, and thus deny the allegations.

688.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 688, and thus deny the allegations.

689.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 689, and thus deny the allegations.

690.    Denied.

691.    Denied.

## <u>COUNT LVI: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 93</u>

692.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 680 through 691 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

693.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 693, which document speaks for itself.

694.    Denied.

695.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have "Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

696.    Denied.

697.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 697, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex

Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP

in the U.S. JCPPC denies the remaining allegations in Paragraph 697.

698.    Defendants lack sufficient information to admit or deny the factual allegations of

Paragraph 698, and thus deny the allegations.

699.    Denied.

700.    Denied.

**COUNT LVII: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 94**

701.    No response is required to the general incorporation of the allegations set forth in

Paragraphs 1 through 91 and Paragraphs 692 through 700 of the Second Amended Complaint.

To the extent a response is required, Defendants incorporate by reference their responses

contained in each preceding paragraph of the Answer as though set forth fully herein.

702.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in

Paragraph 702, which document speaks for itself.

703.    Denied.

704.    Defendants admit that the Arizona Basic Flex Skinny Jeans – Style

EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label,

Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have

"Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN#

58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

705.    Denied.

706.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans –

Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style

RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/

Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks sufficient information to admit or deny offering for sale or sale of undefined "products" as alleged in Paragraph 706, and thus denies the allegations. JCPPC admits that it sold Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP in the U.S. JCPPC denies the remaining allegations in Paragraph 706.

707.    Defendants lack sufficient information to admit or deny the factual allegations of Paragraph 707, and thus deny the allegations.

708.    Denied.

709.    Denied.

## COUNT LVIII: INFRINGEMENT OF PAT. NO. 6,819,972 CLAIM 95

710.    No response is required to the general incorporation of the allegations set forth in Paragraphs 1 through 91 and Paragraphs 680 through 691 of the Second Amended Complaint. To the extent a response is required, Defendants incorporate by reference their responses contained in each preceding paragraph of the Answer as though set forth fully herein.

711.    Defendants respectfully refer Plaintiff and the Court to the '972 Patent cited in Paragraph 711, which document speaks for itself.

712.    Denied.

713.    Defendants admits that the Arizona Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405 have "Made in Mexico" on the label, Arizona Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 have

"Made in Bangladesh" on the label and Arizona Flex Skinny Extra Slim Fit/ Skinny Leg – RN#

58287 – 8971- B- 02795-3 – 523/0120/013673 have "Made in Mexico" on the label.

714.    Denied.

715.    JCP admits that it offered for sale and sold Arizona Basic Flex Skinny Jeans –

Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona Med Jegging – Style

RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex Skinny Extra Slim Fit/

Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 in the U.S. JCP lacks

sufficient information to admit or deny offering for sale or sale of undefined "products" as

alleged in Paragraph 715, and thus denies the allegations. JCPPC admits that it sold Arizona

Basic Flex Skinny Jeans – Style EPJCDR07744556 – RN# 58287 – 523/4566/015405, Arizona

Med Jegging – Style RPCHNO10020 – 8999-A – 19963-8-664/2041/010306 and Arizona Flex

Skinny Extra Slim Fit/ Skinny Leg – RN# 58287 – 8971- B- 02795-3 – 523/0120/013673 to JCP

in the U.S. JCPPC denies the remaining allegations in Paragraph 715.

716.    Defendants lack sufficient information to admit or deny the factual allegations of

Paragraph 716, and thus deny the allegations.

717.    Denied.

718.    Denied.

**WILLFUL INFRINGEMENT**

719.    Denied.

720.    Denied.

**ANSWER TO PLAINTIFF'S DEMAND FOR JURY TRIAL**

Defendants admit that Plaintiff has demanded a trial by jury on all issues so triable

pursuant to Fed. R. Civ. P. 38.  Plaintiff's Demand for Jury Trial does not state an allegation to

which a responsive pleading is required.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief it seeks in Paragraphs A–F or any relief at all for the allegations made in the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

721.    Defendants plead the following defenses in response to Plaintiff's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  Defendants reserve the right to allege additional defenses and/or to supplement or amend its existing defenses in the event that discovery or other analysis indicates that additional affirmative or other defenses and/or supplementation or amendment is appropriate.

## FIRST AFFIRMATIVE DEFENSE
## (INVALIDITY AND/OR INELIGIBILITY OF THE ASSERTED PATENTS)

722.    Upon information and belief, the claims of the '444, '602, '196, '505, and '972 patents are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112; and/or 37 C.F.R. §§ 1.1, *et seq.*

723.    By way of example, each claim of the asserted patents, including each of the asserted claims, is invalid due to indefiniteness under 35 U.S.C. § 112, ¶ 2 (now 35 U.S.C. § 112(b)) for at least the reasons set forth in H & M Hennes & Mauritz L.P. and H & M Hennes & Mauritz AB's ("H&M") Motion for Summary Determination of Invalidity of the Asserted Patents on the Basis of Indefiniteness (attached as Exhibit A) and the associated Memorandum and Points of Authorities in Support thereof (attached as Exhibit B) (collectively, H&M's "Motion") filed on September 1, 2015 in *In the Matter of Certain Laser Abraded Denim*

*Garments*, Investigation No. 337-TA-930 (U.S.I.T.C. Aug. 18, 2014) (the "ITC Investigation"); the briefing supporting H&M's Motion, including Respondents' Opening Claim Construction Brief and Respondents' Rebuttal Claim Construction Brief (attached as Exhibit C), both referenced in footnote 2 of H&M's Motion; the Commission Investigative Staff's briefing related to claim construction in the ITC Investigation and H&M's Motion, including, without limitation, the Commission Investigative Staff's Initial Claim Construction Brief filed in the ITC Investigation on January 14, 2015 (attached as Exhibit D) and its Rebuttal Claim Construction Brief filed in the ITC Investigation; and the Commission Investigative Staff's Response to H&M's Motion filed in the ITC Investigation on September 11, 2015 (attached as Exhibit E). *See* Fed. R. Civ. P. 10(c).

724.    By way of further example, each claim of the asserted patents, including each of the asserted claims, is invalid due to anticipation under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103 in view of at least one or more of the prior art references, devices, or events set forth in Respondents' Joint Notice of Prior Art filed in the ITC Investigation on January 9, 2015 (attached as Exhibit F) and New Respondents' Joint Notice of Prior Art filed in the ITC Investigation on May 8, 2015 (attached as Exhibit G).

725.    Additionally, each claim of the asserted patents, including each of the asserted claims, is invalid due to anticipation under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103 in view of at least the following prior art references:  CA 1146635 A; GB 2294656 A; US 4936608; US 5017423; US 5817271; US 5865933; US 5880430; US 6840721; WO 1989012552 A1; WO 1997016279 A1; US 5567207 (and corresponding records and logbooks from Icon Laser Solutions, LLC); and Zeus Laser System from Integrated Laser Systems, Inc. and corresponding Software.

726.    Plaintiff's claims are barred because each claim of the asserted patents, including each of the asserted claims, claims patent-ineligible subject matter under 35 U.S.C. § 101.

727.    In particular, each claim of the asserted patents, including each of the asserted claims, is directed to a patent-ineligible abstract idea and/or law of nature and the elements of each such claim, when considered individually and as an ordered combination fail to transform the nature of the claim into a patent-eligible application of the abstract idea and/or law of nature and thus, fail to include an inventive concept. For example, several asserted claims recite an equation, "mathematical operation," "identifying a material," "avoid[ing] undesired" things, the relationship between "energy density per unit time" and "power," "obtaining an indication," "determining a pattern," or "determining special operational parameters" that are ineligible under 35 U.S.C. § 101.

728.    Defendants reserve the right to assert any other basis for invalidity or ineligibility that becomes known to it through the course of discovery or otherwise.

## SECOND AFFIRMATIVE DEFENSE
### (NONINFRINGEMENT OF THE ASSERTED PATENTS)

729.    Defendants do not infringe, and have never infringed, any valid claim of the asserted patents, including the asserted claims set in paragraph 47 of the Second Amended Complaint ("Asserted Claims"), whether literally, directly, indirectly, jointly with any other person or entity, contributorily, by inducement, under the doctrine of equivalents, through importation, or otherwise under any section of 35 U.S.C. § 271, including, under 35 U.S.C. § 271(g), and, as such, is without any liability to Plaintiff.

730.    The Second Amended Complaint fails to plausibly identify or explain how each limitation of each of the Asserted Claims is performed by, or where each limitation of each of the Asserted Claims is found in, the products identified in the Second Amended Complaint,

99

including the products set forth in paragraph 50 of the Second Amended Complaint (collectively, the "Accused Products"). None of the Accused Products or, on information and belief, the process(es) by which they were produced, taken either alone or in combination, satisfies all limitations of any of the Asserted Claims, either literally or under the doctrine of equivalents. The doctrine of equivalents also does not apply to any of the limitations of any of the Asserted Claims, for example, because the expanded claim scope would encompass or ensnare the prior art.

731.    By way of example, and upon information and belief, the Accused Products do not meet, or the manufacturer(s) does not perform, one or more of the following limitations found in the Asserted Claims:

A.    " $(watts\text{-}sec/mm3) = \left(\dfrac{continuous\ power\ (watts)}{(area\ of\ spot\ (mm^2))}\right)\left(\dfrac{1}{speed\ (mm/sec)}\right)$ "

B.    "applying a laser at a specified amount of energy density per unit time and per unit area which avoids undesired carbonization, melting or burn-through, to an area of said material to change some perceivable characteristic of said area of said material"

C.    "determining at least one characteristic of the material, said at least one characteristic being of a kind which affects a propensity of the material to be physically altered by a radiation source"

D.    "determining special operational parameters for the material with its specific characteristics, said special operational parameters which allow a focused beam of radiation to form a pattern in the material which changes the material without undesirably damaging the material"

E.    "obtaining an indication of the desired pattern"

F.   "investigating the pattern to determine if the pattern includes elements which are more likely to cause undesired damage to the material when applied to the material by a laser"

G.   "said laser beam not being output until after said laser is moving relative to said material, to avoid overetching of the material at startup"

H.   "allowing a user to enter and/or change each of a plurality of different parameters"

I.   "using a laser to process a material by controlling scan lines of the laser to have a controlled energy density per unit time which depends on said effective applied power levels"

J.   "defining a desired pattern of color alterations to be formed to a garment by selecting a plurality of areas on a display, defining a color that is associated with each of a plurality of abrasion levels, selecting a color to associate with each of the plurality of areas to thereby associate a level of abrasion with each of the plurality of areas"

K.   "obtaining a first garment which has a desired look to be replicated"

L.   "determining color levels of different areas of a plurality of different areas of said first garment"

M.   "controlling a laser to form said pattern by first controlling said laser according to said file to produce an effective output power in said first areas which is greater than zero, but is less than a threshold beyond which a visible change will be made to said textile material, and to increase the effective output power at a boundary between said first areas, and other areas outside said first areas"

N.   "controlling a laser to form said pattern by first controlling said laser according to said file to produce an effective output power in said first areas which is greater than

zero, but is less than a threshold beyond which a visible change will be made to said

textile material, and to increase the effective output power at a boundary between said

first areas, and other areas outside said first areas"

O.  "authoring a special image intended for use in changing the color of textile fabric,

which has differently colored areas representing different levels of change of color to

said textile fabric"

732.    By way of further example, and upon information and belief, the Accused

Products do not meet, or the manufacturer(s) does not perform, the limitations found in the

Asserted Claims because no lasers are involved in the manufacturing process used to make at

least some of the Accused Products.

733.    Defendants reserve the right to assert any other basis for non-infringement

that becomes known to it through the course of discovery or otherwise.

### THIRD AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

734.    The Second Amended Complaint fails to state a claim against Defendants upon

which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE
### (EQUITABLE DEFENSES)

735.    Any claim for damages or equitable relief by Plaintiff is barred, in whole or in

part, by the equitable doctrines of unclean hands, waiver, estoppels, acquiescence, patent misuse,

and/or any other equitable remedy.

### FIFTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

736.    To the extent that Plaintiff seeks to recover for any alleged infringement more

than six years prior to the filing of the Complaint, such recovery is barred by 35 U.S.C. § 286.

## SIXTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 287)

737.    To the extent that Plaintiff and its licensees have not complied with the marking requirements of 35 U.S.C. § 287(a) and/or failed to provide notice of infringement with respect to any product in this litigation pursuant to 35 U.S.C. § 287(b), Plaintiff is precluded from recovering damages for alleged infringement, if any, until the date on which Plaintiff actually notified Defendants of alleged infringement of specific products.

## SEVENTH AFFIRMATIVE DEFENSE
### (INEQUITABLE CONDUCT)

738.    Upon information and belief, the claims of the '444, '196, and '602 patents are unenforceable due to the inequitable conduct of Darryl Costin (the alleged inventor), Scott Harris (prosecuting attorney), and others at assignee TechnoLines, Inc., ("TechnoLines")[3] in misrepresenting inventorship to the United States Patent and Trademark Office.

739.    The '444, '196, and '602 patents name Darryl Costin as the inventor of the claimed technology in this case. However, the claimed inventions of each of the '444, '196, and '602 patents trace back in various ways to the same technology disclosed in U.S. Patent Application No. 08/550,339 ("the '339 Application"). The '339 Application listed Dr. Larissa Sheveleva, an immigrant from the Soviet Union, as its *sole* inventor. In the '339 Application, Dr. Sheveleva set forth detailed descriptions of using controllable lasers to create patterns in fabric in a manner claimed and described in each of the '444, '196, and '602 patents.

740.    The '444 patent is described as a continuation-in-part of the '339 Application, the '196 Patent is a divisional application of the '444 patent, and the '602 patent has a specification that is a *word for word copy* of the '339 Application.

---

[3] On information and belief, TechnoLines LLC is a successor-in-interest to TechnoLines, Inc. This pleading will refer to both entities as "TechnoLines" for simplicity. TechnoLines is a predecessor to the Plaintiff RevoLaze LLC.

741.    Throughout the prosecution of the '339 Application, Dr. Sheveleva claimed to have solely invented the technology described and claimed in the '339 Application prior to July 31, 1994. Gary M. Sutter was originally listed as the prosecuting attorney. On or about April 15, 1997, Scott Harris replaced Mr. Sutter as the prosecuting attorney for the '339 Application. *See* Revocation and New Power of Attorney (Apr. 15, 1997).

742.    On or about April 15, 1997, Mr. Harris (on behalf of assignee TechnoLines) filed a request with the USPTO to deny Dr. Sheveleva access to the '339 Application. The USPTO grated the requested on June 9, 1997. *See* Request for Restriction of Access by Assignee Under MPEP 106 (Apr. 15, 1997). Nonetheless, after excluding Dr. Sheveleva from the prosecution of the '339 Application, Mr. Harris continued to submit to the USPTO the declarations and other documents concerning the timing and inventorship of the technology described and claimed in the '339 Application. These documents asserted that Dr. Sheveleva alone invented the subject matter of the application prior to July 31, 1994. The '339 Application never issued as a patent. The claims were deemed unpatentable due to anticipation by the prior art and failure to list all inventors.

743.    On October 11, 1996, Mr. Sutter filed U.S. Patent Application No. 08/729,493 ("the '493 Application"), which issued as the '444 Patent. When filed, the '493 Application listed four inventors, including Darryl Costin and Dr. Sheveleva. Dr. Costin has been the CEO of TechnoLines since its inception in 1993. As noted above, the '493 Application was filed as a continuation-in-part of the '339 Application.

744.    On or about March 22, 1999, Mr. Harris submitted a Correction of Inventorship Under Rule 48(b) ("Correction") deleting all named inventors except Dr. Costin from the '493 Application. The Correction stated: "All claims directed to coloring agents and other inventive

contribution [sic] of the inventors Alexandra Liebertz, Larissa Sheveleva, Troy Moore, and Heather Costin have been cancelled herein. This leaves only the inventive contribution of Darryl Costin. These inventors' contributions are no longer being claimed in this application." Correction of Inventorship (Mar. 22, 1999).

745.    The statements in the Correction amount to a material misrepresentation concerning Dr. Sheveleva's inventive contributions to the claims of the '493 Application. In particular, the '493 Application is a continuation-in-part of the '339 Application, which lists Dr. Sheveleva as the sole inventor. In order to properly claim priority as a continuation-in-part of the '339 Application, the '493 Application was required to have overlapping inventorship with the '339 Application. Thus, the alleged inventions claimed in the '493 Application must be based in whole or in part on inventive contribution by Dr. Sheveleva or such claim to priority is invalid and evidences the material misrepresentation of inventorship. Similarly, the '196 patent that is a divisional of the '444 patent fails to list Dr. Sheveleva as the named inventor.

746.    Dr. Sheveleva's contributions to the claims of the '444 and '196 patents include at least the following concepts disclosed in the '339 Application: (1) changing power of the laser; (2) changing the speed of the laser; (3) changing spot size of the laser; (4) using a laser to make a design on denim; (5) making calculations; and (6) avoiding burn-through.

747.    Mr. Harris and Dr. Costin materially misrepresented Dr. Sheveleva's contributions to the claims of the '444 and '196 patents with specific intent to deceive the USPTO. Specific intent may be inferred, for example, by the fact that Mr. Harris and Dr. Costin knew of Dr. Sheveleva's contributions through the '339 Application. Further, such specific intent is evidenced from the Applications' deletion of the inventor who provided the basis for the priority claim of the '444 application to the '339 application, without removal of that priority

claim. In addition, Mr. Harris, on behalf of TechnoLines (Dr. Costin was the CEO of this company) barred Dr. Sheveleva from accessing the '339 Application. The conduct of Mr. Harris and Dr. Costin demonstrates a concerted effort to misrepresent Dr. Sheveleva's contributions to the claimed inventions and deceive the PTO into believing that Dr. Costin was the sole inventor.

748.    The same is true with respect to the '602 patent. U.S. Patent Application No. 08/844,114 ("the '114 Application"), which issued as the '602 Patent, was filed on April 29, 1997. Dr. Costin was listed as the sole inventor and Mr. Harris was listed as the prosecuting attorney.

749.    Despite claiming sole inventorship, the specification of the '602 patent, including the "Abstract," "Background of the Invention," "Summary of the Invention," and "Detailed Description of the Preferred Embodiment" sections are a *word-for-word* copy of the corresponding sections of the specification of the '339 Application. Further, the Figures of the '602 patent are identical to the drawings submitted with the '339 Application, apart from shading, handwriting, and other non-substantive design elements. In short, the specification of the '602 patent is substantively identical to the specification of the '339 Application.

750.    As noted above, during the prosecution of the '339 Application, Mr. Harris represented to the PTO on multiple occasions that Dr. Sheveleva was the sole inventor of the subject matter described in the '339 Application. Nonetheless, by filing the '114 Application and listing Dr. Costin as the sole inventor, Mr. Harris and Dr. Costin falsely represented that Dr. Costin was the sole inventor of that same subject matter.

751.    Indeed, when the '114 Application was originally filed, Dr. Costin and Mr. Harris claimed priority to the '339 Application, a claim of priority that was rejected by the PTO because the applications had different inventors. (*See* '114 Application, First Office Action dated

September 30, 1998.) In response, Dr. Costin and Mr. Harris conceded that the '114 should not be a continuation of the '339 application, but claimed the invention date of the '114 application's claims was "at least as early as the filing date of the '339 application." (*See* '114 Application, Response to First Office Action dated January 6, 1999.) Such a claim is clearly contradictory to the admission of joint inventorship originally asserted in the '493 application as a continuation in part of the '339 application.

752.    The misrepresentation concerning Dr. Costin's inventorship was material to the patentability of the claims of the '114 Application. The USPTO would not have allowed the claims of the '114 Application to issue had the USPTO known that the alleged sole named inventor had not in fact invented them or falsely asserted either joint invention or that Dr. Sheveleva was a proper inventor.

753.    The misrepresentation concerning Dr. Costin's inventorship was made with specific intent to deceive the PTO. Intent can be inferred, for example, by the fact that Mr. Harris and Dr. Costin knew of the '339 Application, and failed to make any correction to either the '339 or '114 applications when the PTO cited the different claimed inventors for these substantively identical applications. Furthermore, the timing of the '114 Application (April 1997) indicates that the '114 Application was filed as part of Dr. Costin's and Mr. Harris's scheme to deceive the PTO into believing that it was Dr. Costin, rather than Dr. Sheveleva, who invented the subject matter.

754.    In addition to the '339 Application itself serving as prior art to the '114 Application, the declarations and other evidence submitted during the prosecution of the '339 Application constitute material evidence that Dr. Sheveleva was the sole inventor of the subject matter, that she had invented it prior to July 31, 1994, and that the '339 Application represented

"the culmination of many years of work [by Dr. Sheveleva] on commercializing this subject matter."'339 Application, Declaration of Larissa Sheveleva Under Rule 131 (May 30, 1997). In another declaration supporting the '339 Application made by Dr. Sheveleva's daughter, Valentina Khutorsky, core features claimed by Dr. Costin as his own in the '114 Application are described as having been invented by Dr. Sheveleva: "I know from personal experience that my mother made designs by keeping the laser moving within a speed that allowed changing the color of the fabric without burning or making holes in the fabric. Hence she controlled the speed of the laser within a range between a maximum speed, and a minimum speed where the laser would have burned the material." '339 Application, Declaration of Valentina Khutorsky (Aug. 4, 1999). Mr. Harris and Dr. Costin failed to inform the PTO of this evidence or make any correction to the differing inventorship claims of the substantively identical '339 and '114 applications.

755.    The omission concerning the evidence of Dr. Sheveleva's inventorship was made with a specific intent to deceive the PTO. When Mr. Harris and Dr. Costin filed the '114 Application in April 1997, they included a Declaration from Dr. Costin stating "I believe I am the original, first and sole inventor" of the invention sought in the '114 Application. Meanwhile, in the '339 Application, on or about May 30, 1997, Mr. Harris submitted a declaration to the PTO from Dr. Sheveleva stating "I am the inventor of the subject matter that is described and claimed in patent application no. 08/550,339." '339 Application, Declaration of Larissa Sheveleva Under Rule 131 (May 30, 1997).

756.    As discussed above, the subject matter in both applications is the same. Indeed, as late as May 11, 2005, Mr. Harris submitted a brief to the USPTO's Board of Patent Appeals and Interferences insisting that Dr. Sheveleva was the sole inventor of the subject matter described

and claimed in the '339 Application. *See* '339 Application, Applicants Brief on Appeal dated May 11, 2005. Nonetheless, in April 1997, Mr. Harris represented to the PTO that Dr. Costin was the sole inventor of the very same subject matter. These assertions clearly indicate an intent to deceive the PTO by making two conflicting representations concerning the issue of inventorship. Thus, due to the inequitable conduct of Mr. Harris and Dr. Costin, the '444, '196, and '602 patents are unenforceable.

## EIGHTH AFFIRMATIVE DEFENSE
### (35 U.S.C. § 295)

757.    To the extent that Plaintiff seeks the presumption of 35 U.S.C. § 295, Plaintiff has failed to meet the requirements of 35 U.S.C. § 295, including but not limited to failing to show that a substantial likelihood exists that the accused products were made by the allegedly patented process or that Plaintiff has made a reasonable effort to determine the process actually used in the production of the accused products and was unable so to determine.

758.    Plaintiff also unreasonably delayed in giving notice under 35 U.S.C. § 287(b)(2) and/or bringing this lawsuit after first contacting Defendants to the detriment of Defendants' ability to defend any claim regarding the presumption of 35 U.S.C. § 295 and further evidencing Plaintiff's failure to meet the requirements of that statute. This bars and estops Plaintiff from obtaining the presumption under 35 U.S.C. § 295.

## <u>RESERVATION OF ADDITIONAL DEFENSES</u>

1.    Defendants reserve the right to assert additional defenses in the event that discovery or other analysis indicates that additional affirmative defenses are appropriate.

## COUNTERCLAIMS

Counterclaimants J.C. Penney Corporation, Inc. and J.C. Penney Purchasing Corporation (collectively "Defendants"), assert the following Counterclaims against RevoLaze, LLC ("RevoLaze" or "Plaintiff") that U.S. Patent Nos. 5,990,444 (the "'444 patent"), 6,140,602 (the "'602 patent"), 6,252,196 (the "'196 patent"), 6,664,505 (the "'505 patent"), and 6,819,972 (the "'972 patent") are not infringed by the accused products, and/or are invalid for violation of one or more provisions of Title 35 of the United States Code, including 35 U.S.C. § 101 *et seq*.

## THE PARTIES

1.     Defendant/Counterclaimant J.C. Penney Corporation, Inc. ("JCP") is a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 6501 Legacy Drive, Plano, Texas 75024. J.C. Penney Corporation, Inc.'s registered agent in Texas is: CT Corp. System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75021.

2.     Defendant/Counterclaimant J. C. Penney Purchasing Corporation ("JCPPC") is a corporation duly organized and existing under the laws of the state of New York, with its principal place of business at 6501 Legacy Drive, Plano, Texas 75024. JCPPC's registered agent in Texas is: CT Corp. System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75021.

3.     On information and belief, and based on Plaintiff's allegations, Plaintiff/Counterclaim-Defendant RevoLaze LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a place of business at a 31000 Viking Parkway, Westlake, Ohio 44145.

## NATURE OF THE ACTION

4.     These Counterclaims arise under the patent laws of the United States, 35 U.S.C. §

1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Defendants/Counterclaimants seek declarations that the '444 patent, the '602 patent, the '196 patent, the '505, and the '972 patent are not infringed and/or are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including 35 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over these Counterclaims for declaratory judgment pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a), 2201(a) and (b), and 2202 based on an actual controversy among the parties, arising under the patent laws of the United States, 35 U.S.C. §1 *et seq*. This Court has original jurisdiction over the subject matter of these claims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 as well as 21 U.S.C. § 355(c)(3)(D).

6.      This Court has personal jurisdiction over the Plaintiff/Counterclaim-Defendant based on, *inter alia*, Plaintiff/Counterclaim-Defendant's filing of this lawsuit in this Jurisdiction.

7.      Venue is proper in this Judicial District based on 28 U.S.C. § 1400(a) and/or 28 U.S.C. § 1391(b), (c), and (d).

## BACKGROUND

8.      The '444 patent, on its face, is titled "Laser Method and System of Scribing Graphics," and states its date of issue as November 23, 1999.

9.      On information and belief, and based on Plaintiff/Counterclaim-Defendant's allegations, Plaintiff/Counterclaim-Defendant currently owns the '444 patent.

10.     The '602 patent, on its face, is titled "Marking of Fabrics and Other Materials Using a Laser," and states its date of issue as October 31, 2000.

11.     On information and belief, and based on Plaintiff/Counterclaim-Defendant's allegations, Plaintiff/Counterclaim-Defendant currently owns the '602 patent.

12.     The '196 patent, on its face, is titled "Laser Method of Scribing Graphics," and states its date of issue as June 26, 2001.

13.     On information and belief, and based on Plaintiff/Counterclaim-Defendant's allegations, Plaintiff/Counterclaim-Defendant currently owns the '196 patent.

14.     The '505 patent, on its face, is titled "Laser Processing of Materials Using Mathematical Tools," and states its date of issue as December 16, 2003.

15.     On information and belief, and based on Plaintiff/Counterclaim-Defendant's allegations, Plaintiff/Counterclaim-Defendant currently owns the '505 patent.

16.     The '972 patent, on its face, is titled "Material Surface Processing With a Laser That Has a Scan Modulated Effective Power to Achieve Multiple Worn Looks," and states its date of issue as November 16, 2004.

17.     On information and belief, and based on Plaintiff/Counterclaim-Defendant's allegations, Plaintiff/Counterclaim-Defendant currently owns the '972 patent.

18.     On February 5, 2019, Plaintiff/Counterclaim-Defendant filed its Complaint alleging infringement by JCP and JCPenney Company of the '444, '602, '196, '505, and '972 patents.

19.     On February 14, 2019, Plaintiff/Counterclaim-Defendant filed its Second Amended Complaint alleging infringement by JCP and JCPenney Company of the '444, '602, '196, '505, and '972 patents.

20.     On July 30, 2019, Plaintiff/Counterclaim-Defendant filed its Second Amended Complaint alleging infringement by Defendants of the '444, '602, '196, '505, and '972 patents.

**COUNT I**
**(Declaration of Invalidity of the '444 Patent)**

21.     Defendants/Counterclaimants incorporate by reference Paragraphs 1 through 21 as if fully set forth herein.

22.     The claims of the '444 patent are invalid for failing to meet one or more requirements for patentability of Title 35 of the United States Code, including 35 U.S.C. § 101 *et seq.* and/or 37 C.F.R. §§ 1.1, et seq.

23.     The '444 Patent is invalid due to indefiniteness under 35 U.S.C. § 112, ¶ 2 (now 35 U.S.C. § 112(b)) for at least the reasons set forth in H & M Hennes & Mauritz L.P. and H & M Hennes & Mauritz AB's ("H&M") Motion for Summary Determination of Invalidity of the Asserted Patents on the Basis of Indefiniteness (attached as Exhibit A) and the associated Memorandum and Points of Authorities in Support thereof (attached as Exhibit B) (collectively, H&M's "Motion") filed on September 1, 2015 in In the Matter of Certain Laser Abraded Denim Garments, Investigation No. 337-TA-930 (U.S.I.T.C. Aug. 18, 2014) (the "ITC Investigation"); the briefing supporting H&M's Motion, including Respondents' Opening Claim Construction Brief and Respondents' Rebuttal Claim Construction Brief (attached as Exhibit C), both referenced in footnote 2 of H&M's Motion; the Commission Investigative Staff's briefing related to claim construction in the ITC Investigation and H&M's Motion, including, without limitation, the Commission Investigative Staff's Initial Claim Construction Brief filed in the ITC Investigation on January 14, 2015 (attached as Exhibit D) and its Rebuttal Claim Construction Brief filed in the ITC Investigation; and the Commission Investigative Staff's Response to H&M's Motion filed in the ITC Investigation on September 11, 2015 (attached as Exhibit E). See Fed. R. Civ. P. 10(c).

24.     The '444 Patent is invalid due to anticipation under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103 in view of at least one or more of the prior art references, devices, or events set forth in Respondents' Joint Notice of Prior Art filed in the ITC Investigation on January 9, 2015 (attached as Exhibit F) and New Respondents' Joint Notice of Prior Art filed in the ITC Investigation on May 8, 2015 (attached as Exhibit G).

25.     The '444 Patent is invalid due to anticipation under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103 in view of at least the following prior art references: CA 1146635 A; GB 2294656 A; US 4936608; US 5017423; US 5817271; US 5865933; US 5880430; US 6840721; WO 1989012552 A1; WO 1997016279 A1; US 5567207 (and corresponding records and logbooks from Icon Laser Solutions, LLC); and Zeus Laser System from Integrated Laser Systems, Inc. and corresponding Software.

26.     Plaintiff/Counterclaim-Defendant's claims are barred because each claim of the '444 Patent, including each of the asserted claims, claims patent-ineligible subject matter under 35 U.S.C. § 101.

27.     In particular, each claim of the '444 Patent, including each of the asserted claims, is directed to a patent-ineligible abstract idea and/or law of nature and the elements of each such claim, when considered individually and as an ordered combination fail to transform the nature of the claim into a patent-eligible application of the abstract idea and/or law of nature and thus, fail to include an inventive concept. For example, several asserted claims recite an equation, "mathematical operation," "identifying a material," "avoid[ing] undesired" things, the relationship between "energy density per unit time" and "power," "obtaining an indication," "determining a pattern," or "determining special operational parameters" that are ineligible under 35 U.S.C. § 101.

28.     A definite and concrete, real and substantial, justiciable controversy exists between Defendants/Counterclaimants and Plaintiff/Counterclaim-Defendant concerning the validity of the '444 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

29.     Defendants/Counterclaimants are entitled to a judicial declaration that the '444 patent is invalid.

## COUNT II
### (Declaration of Noninfringement of the '444 Patent)

30.     Defendants/Counterclaimants incorporate by reference Paragraphs 1 through 30 as if fully set forth herein.

31.     The manufacture, use, sale, offer for sale, and/or importation into the United States of the accused products does not and will not literally infringe, induce infringement of, or contribute to the infringement of any valid or enforceable claim of the '444 patent.

32.     Defendants/Counterclaimants do not infringe, and have never infringed, any valid claim of the asserted patents, including the asserted claims set in paragraph 47 of the Second Amended Complaint ("Asserted Claims"), whether literally, directly, indirectly, jointly with any other person or entity, contributorily, by inducement, under the doctrine of equivalents, through importation, or otherwise under any section of 35 U.S.C. § 271, including, under 35 U.S.C. § 271(g), and, as such, is without any liability to Plaintiff/Counterclaim-Defendant.

33.     The Second Amended Complaint fails to plausibly identify or explain how each limitation of each of the Asserted Claims is performed by, or where each limitation of each of the Asserted Claims is found in, the products identified in the Second Amended Complaint, including the products set forth in paragraph 50 of the Second Amended Complaint (collectively, the "Accused Products"). None of the Accused Products or, on information and belief, the

process(es) by which they were produced, taken either alone or in combination, satisfies all limitations of any of the Asserted Claims, either literally or under the doctrine of equivalents.

34.    By way of example, and upon information and belief, the Accused Products do not meet, or the manufacturer(s) does not perform, one or more of the following limitations found in the Asserted Claims:

A.  " $(\text{watts-sec}/\text{mm}3) = \left( \dfrac{\text{continuous power (watts)}}{(\text{area of spot (mm}^2))} \right) \left( \dfrac{1}{\text{speed (mm/sec)}} \right)$ "

B.  "applying a laser at a specified amount of energy density per unit time and per unit area which avoids undesired carbonization, melting or burn-through, to an area of said material to change some perceivable characteristic of said area of said material"

C.  "determining at least one characteristic of the material, said at least one characteristic being of a kind which affects a propensity of the material to be physically altered by a radiation source"

D.  "determining special operational parameters for the material with its specific characteristics, said special operational parameters which allow a focused beam of radiation to form a pattern in the material which changes the material without undesirably damaging the material"

E.  "obtaining an indication of the desired pattern"

F.  "investigating the pattern to determine if the pattern includes elements which are more likely to cause undesired damage to the material when applied to the material by a laser"

G.  "said laser beam not being output until after said laser is moving relative to said material, to avoid overetching of the material at startup"

H.  "allowing a user to enter and/or change each of a plurality of different parameters"

116

I.  "using a laser to process a material by controlling scan lines of the laser to have a controlled energy density per unit time which depends on said effective applied power levels"

J.  "defining a desired pattern of color alterations to be formed to a garment by selecting a plurality of areas on a display, defining a color that is associated with each of a plurality of abrasion levels, selecting a color to associate with each of the plurality of areas to thereby associate a level of abrasion with each of the plurality of areas"

K.  "obtaining a first garment which has a desired look to be replicated"

L.  "determining color levels of different areas of a plurality of different areas of said first garment"

M.  "controlling a laser to form said pattern by first controlling said laser according to said file to produce an effective output power in said first areas which is greater than zero, but is less than a threshold beyond which a visible change will be made to said textile material, and to increase the effective output power at a boundary between said first areas, and other areas outside said first areas"

N.  "controlling a laser to form said pattern by first controlling said laser according to said file to produce an effective output power in said first areas which is greater than zero, but is less than a threshold beyond which a visible change will be made to said textile material, and to increase the effective output power at a boundary between said first areas, and other areas outside said first areas"

O.  "authoring a special image intended for use in changing the color of textile fabric, which has differently colored areas representing different levels of change of color to said textile fabric"

35.     By way of further example, and upon information and belief, the Accused Products do not meet, or the manufacturer(s) does not perform, the limitations found in the Asserted Claims because no lasers are involved in the manufacturing process used to make at least some of the Accused Products.

36.     A definite and concrete, real and substantial, justiciable controversy exists between Defendants/Counterclaimants and Plaintiff/Counterclaim-Defendant concerning the alleged infringement by the accused products of the '444 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

37.     Defendants/Counterclaimants are entitled to a judicial declaration that the '444 patent is not infringed.

## COUNT III
### (Declaration of Invalidity of the '602 Patent)

38.     Defendants/Counterclaimants incorporate by reference Paragraphs 1 through 38 as if fully set forth herein.

39.     Upon information and belief, the claims of the'602 patent are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112; and/or 37 C.F.R. §§ 1.1, *et seq.*

40.     By way of example, each claim of the '602 patent, including each of the asserted claims, is invalid due to indefiniteness under 35 U.S.C. § 112, ¶ 2 (now 35 U.S.C. § 112(b)) for at least the reasons set forth in H & M Hennes & Mauritz L.P. and H & M Hennes & Mauritz AB's ("H&M") Motion for Summary Determination of Invalidity of the Asserted Patents on the Basis of Indefiniteness (attached as Exhibit A) and the associated Memorandum and Points of Authorities in Support thereof (attached as Exhibit B) (collectively, H&M's "Motion") filed on September 1, 2015 in *In the Matter of Certain Laser Abraded Denim Garments*, Investigation

No. 337-TA-930 (U.S.I.T.C. Aug. 18, 2014) (the "ITC Investigation"); the briefing supporting H&M's Motion, including Respondents' Opening Claim Construction Brief and Respondents' Rebuttal Claim Construction Brief (attached as Exhibit C), both referenced in footnote 2 of H&M's Motion; the Commission Investigative Staff's briefing related to claim construction in the ITC Investigation and H&M's Motion, including, without limitation, the Commission Investigative Staff's Initial Claim Construction Brief filed in the ITC Investigation on January 14, 2015 (attached as Exhibit D) and its Rebuttal Claim Construction Brief filed in the ITC Investigation; and the Commission Investigative Staff's Response to H&M's Motion filed in the ITC Investigation on September 11, 2015 (attached as Exhibit E). *See* Fed. R. Civ. P. 10(c).

41.     By way of further example, each claim of the '602 patent, including each of the asserted claims, is invalid due to anticipation under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103 in view of at least one or more of the prior art references, devices, or events set forth in Respondents' Joint Notice of Prior Art filed in the ITC Investigation on January 9, 2015 (attached as Exhibit F) and New Respondents' Joint Notice of Prior Art filed in the ITC Investigation on May 8, 2015 (attached as Exhibit G).

42.     Additionally, each claim of the '602 patent, including each of the asserted claims, is invalid due to anticipation under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103 in view of at least the following prior art references: CA 1146635 A; GB 2294656 A; US 4936608; US 5017423; US 5817271; US 5865933; US 5880430; US 6840721; WO 1989012552 A1; WO 1997016279 A1; US 5567207 (and corresponding records and logbooks from Icon Laser Solutions, LLC); and Zeus Laser System from Integrated Laser Systems, Inc. and corresponding Software.

43.     Plaintiff/Counterclaim-Defendant's claims are barred because each claim of the '602 patent, including each of the asserted claims, claims patent-ineligible subject matter under 35 U.S.C. § 101. In particular, each claim of the '602 patent, including each of the asserted claims, is directed to a patent-ineligible abstract idea and/or law of nature and the elements of each such claim, when considered individually and as an ordered combination fail to transform the nature of the claim into a patent-eligible application of the abstract idea and/or law of nature and thus, fail to include an inventive concept. For example, several asserted claims recite an equation, "mathematical operation," "identifying a material," "avoid[ing] undesired" things, the relationship between "energy density per unit time" and "power," "obtaining an indication," "determining a pattern," or "determining special operational parameters" that are ineligible under 35 U.S.C. § 101.

44.     Defendants/Counterclaimants reserve the right to assert any other basis for invalidity or ineligibility that becomes known to it through the course of discovery or otherwise.

45.     A definite and concrete, real and substantial, justiciable controversy exists between Defendants/Counterclaimants and Plaintiff/Counterclaim-Defendant concerning the validity of the '602 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

46.     Defendants/Counterclaimants are entitled to a judicial declaration that the '602 patent is invalid.

## COUNT IV
**(Declaration of Noninfringement of the '602 Patent)**

47.     Defendants/Counterclaimants incorporate by reference Paragraphs 1 through 47 as if fully set forth herein.

48.     The manufacture, use, sale, offer for sale, and/or importation into the United States of the accused products does not and will not literally infringe, induce infringement of, or contribute to the infringement of any valid or enforceable claim of the '602 patent.

49.     Defendants/Counterclaimants do not infringe, and have never infringed, any valid claim of the asserted patents, including the asserted claims set in paragraph 47 of the Second Amended Complaint ("Asserted Claims"), whether literally, directly, indirectly, jointly with any other person or entity, contributorily, by inducement, under the doctrine of equivalents, through importation, or otherwise under any section of 35 U.S.C. § 271, including, under 35 U.S.C. § 271(g), and, as such, is without any liability to Plaintiff/Counterclaim-Defendant.

50.     The Second Amended Complaint fails to plausibly identify or explain how each limitation of each of the Asserted Claims is performed by, or where each limitation of each of the Asserted Claims is found in, the products identified in the Second Amended Complaint, including the products set forth in paragraph 50 of the Second Amended Complaint (collectively, the "Accused Products"). None of the Accused Products or, on information and belief, the process(es) by which they were produced, taken either alone or in combination, satisfies all limitations of any of the Asserted Claims, either literally or under the doctrine of equivalents.

51.     By way of example, and upon information and belief, the Accused Products do not meet, or the manufacturer(s) does not perform, one or more of the following limitations found in the Asserted Claims:

A.   " $$(\text{watts-sec}/\text{mm3}) = \left(\frac{\text{continuous power (watts)}}{(\text{area of spot (mm}^2))}\right)\left(\frac{1}{\text{speed (mm}/\text{sec})}\right)$$ "

B.   "applying a laser at a specified amount of energy density per unit time and per unit area which avoids undesired carbonization, melting or burn-through, to an area of said material to change some perceivable characteristic of said area of said material"

121

C.  "determining at least one characteristic of the material, said at least one characteristic being of a kind which affects a propensity of the material to be physically altered by a radiation source"

D.  "determining special operational parameters for the material with its specific characteristics, said special operational parameters which allow a focused beam of radiation to form a pattern in the material which changes the material without undesirably damaging the material"

E.  "obtaining an indication of the desired pattern"

F.  "investigating the pattern to determine if the pattern includes elements which are more likely to cause undesired damage to the material when applied to the material by a laser"

G.  "said laser beam not being output until after said laser is moving relative to said material, to avoid overetching of the material at startup"

H.  "allowing a user to enter and/or change each of a plurality of different parameters"

I.  "using a laser to process a material by controlling scan lines of the laser to have a controlled energy density per unit time which depends on said effective applied power levels"

J.  "defining a desired pattern of color alterations to be formed to a garment by selecting a plurality of areas on a display, defining a color that is associated with each of a plurality of abrasion levels, selecting a color to associate with each of the plurality of areas to thereby associate a level of abrasion with each of the plurality of areas"

K.  "obtaining a first garment which has a desired look to be replicated"

L. "determining color levels of different areas of a plurality of different areas of said first garment"

M. "controlling a laser to form said pattern by first controlling said laser according to said file to produce an effective output power in said first areas which is greater than zero, but is less than a threshold beyond which a visible change will be made to said textile material, and to increase the effective output power at a boundary between said first areas, and other areas outside said first areas"

N. "controlling a laser to form said pattern by first controlling said laser according to said file to produce an effective output power in said first areas which is greater than zero, but is less than a threshold beyond which a visible change will be made to said textile material, and to increase the effective output power at a boundary between said first areas, and other areas outside said first areas"

O. "authoring a special image intended for use in changing the color of textile fabric, which has differently colored areas representing different levels of change of color to said textile fabric"

52.     By way of further example, and upon information and belief, the Accused Products do not meet, or the manufacturer(s) does not perform, the limitations found in the Asserted Claims because no lasers are involved in the manufacturing process used to make at least some of the Accused Products.

53.     A definite and concrete, real and substantial, justiciable controversy exists between Defendants/Counterclaimants and Plaintiff/Counterclaim-Defendant concerning the alleged infringement by the accused products of the '602 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

54.     Defendants/Counterclaimants are entitled to a judicial declaration that the '602 patent is not infringed.

## COUNT V
### (Declaration of Invalidity of the '196 Patent)

55.     Defendants/Counterclaimants incorporate by reference Paragraphs 1 through 55 as if fully set forth herein.

56.     Upon information and belief, the claims of the '196 patent are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112; and/or 37 C.F.R. §§ 1.1, *et seq.*

57.     By way of example, each claim of the '196 patent, including each of the asserted claims, is invalid due to indefiniteness under 35 U.S.C. § 112, ¶ 2 (now 35 U.S.C. § 112(b)) for at least the reasons set forth in H & M Hennes & Mauritz L.P. and H & M Hennes & Mauritz AB's ("H&M") Motion for Summary Determination of Invalidity of the Asserted Patents on the Basis of Indefiniteness (attached as Exhibit A) and the associated Memorandum and Points of Authorities in Support thereof (attached as Exhibit B) (collectively, H&M's "Motion") filed on September 1, 2015 in *In the Matter of Certain Laser Abraded Denim Garments*, Investigation No. 337-TA-930 (U.S.I.T.C. Aug. 18, 2014) (the "ITC Investigation"); the briefing supporting H&M's Motion, including Respondents' Opening Claim Construction Brief and Respondents' Rebuttal Claim Construction Brief (attached as Exhibit C), both referenced in footnote 2 of H&M's Motion; the Commission Investigative Staff's briefing related to claim construction in the ITC Investigation and H&M's Motion, including, without limitation, the Commission Investigative Staff's Initial Claim Construction Brief filed in the ITC Investigation on January 14, 2015 (attached as Exhibit D) and its Rebuttal Claim Construction Brief filed in the ITC

Investigation; and the Commission Investigative Staff's Response to H&M's Motion filed in the ITC Investigation on September 11, 2015 (attached as Exhibit E). *See* Fed. R. Civ. P. 10(c).

58.     By way of further example, each claim of the '196 patent, including each of the asserted claims, is invalid due to anticipation under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103 in view of at least one or more of the prior art references, devices, or events set forth in Respondents' Joint Notice of Prior Art filed in the ITC Investigation on January 9, 2015 (attached as Exhibit F) and New Respondents' Joint Notice of Prior Art filed in the ITC Investigation on May 8, 2015 (attached as Exhibit G).

59.     Additionally, each claim of the '196 patent, including each of the asserted claims, is invalid due to anticipation under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103 in view of at least the following prior art references: CA 1146635 A; GB 2294656 A; US 4936608; US 5017423; US 5817271; US 5865933; US 5880430; US 6840721; WO 1989012552 A1; WO 1997016279 A1; US 5567207 (and corresponding records and logbooks from Icon Laser Solutions, LLC); and Zeus Laser System from Integrated Laser Systems, Inc. and corresponding Software.

60.     Plaintiff/Counterclaim-Defendant's claims are barred because each claim of the '196 patent, including each of the asserted claims, claims patent-ineligible subject matter under 35 U.S.C. § 101. In particular, each claim of the '196 patent, including each of the asserted claims, is directed to a patent-ineligible abstract idea and/or law of nature and the elements of each such claim, when considered individually and as an ordered combination fail to transform the nature of the claim into a patent-eligible application of the abstract idea and/or law of nature and thus, fail to include an inventive concept. For example, several asserted claims recite an equation, "mathematical operation," "identifying a material," "avoid[ing] undesired" things, the

relationship between "energy density per unit time" and "power," "obtaining an indication," "determining a pattern," or "determining special operational parameters" that are ineligible under 35 U.S.C. § 101.

61.     Defendants/Counterclaimants reserve the right to assert any other basis for invalidity or ineligibility that becomes known to it through the course of discovery or otherwise.

62.     A definite and concrete, real and substantial, justiciable controversy exists between Defendants/Counterclaimants and Plaintiff/Counterclaim-Defendant concerning the validity of the '196 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

63.     Defendants/Counterclaimants are entitled to a judicial declaration that the '196 patent is invalid.

### COUNT VI
### (Declaration of Noninfringement of the '196 Patent)

64.     Defendants/Counterclaimants incorporate by reference Paragraphs 1 through 64 as if fully set forth herein.

65.     The manufacture, use, sale, offer for sale, and/or importation into the United States of the accused products does not and will not literally infringe, induce infringement of, or contribute to the infringement of any valid or enforceable claim of the '196 patent.

66.     Defendants/Counterclaimants do not infringe, and have never infringed, any valid claim of the asserted patents, including the asserted claims set in paragraph 47 of the Second Amended Complaint ("Asserted Claims"), whether literally, directly, indirectly, jointly with any other person or entity, contributorily, by inducement, under the doctrine of equivalents, through importation, or otherwise under any section of 35 U.S.C. § 271, including, under 35 U.S.C. § 271(g), and, as such, is without any liability to Plaintiff/Counterclaim-Defendant.

67.     The First Second Amended Complaint fails to plausibly identify or explain how each limitation of each of the Asserted Claims is performed by, or where each limitation of each of the Asserted Claims is found in, the products identified in the Second Amended Complaint, including the products set forth in paragraph 50 of the Second Amended Complaint (collectively, the "Accused Products"). None of the Accused Products or, on information and belief, the process(es) by which they were produced, taken either alone or in combination, satisfies all limitations of any of the Asserted Claims, either literally or under the doctrine of equivalents.

68.     By way of example, and upon information and belief, the Accused Products do not meet, or the manufacturer(s) does not perform, one or more of the following limitations found in the Asserted Claims:

A.  " $(\text{watts-sec}/\text{mm3}) = \left( \dfrac{\text{continuous power (watts)}}{(\text{area of spot (mm}^2))} \right) \left( \dfrac{1}{\text{speed (mm/sec)}} \right)$ "

B.  "applying a laser at a specified amount of energy density per unit time and per unit area which avoids undesired carbonization, melting or burn-through, to an area of said material to change some perceivable characteristic of said area of said material"

C.  "determining at least one characteristic of the material, said at least one characteristic being of a kind which affects a propensity of the material to be physically altered by a radiation source"

D.  "determining special operational parameters for the material with its specific characteristics, said special operational parameters which allow a focused beam of radiation to form a pattern in the material which changes the material without undesirably damaging the material"

E.  "obtaining an indication of the desired pattern"

127

F.  "investigating the pattern to determine if the pattern includes elements which are more likely to cause undesired damage to the material when applied to the material by a laser"

G.  "said laser beam not being output until after said laser is moving relative to said material, to avoid overetching of the material at startup"

H.  "allowing a user to enter and/or change each of a plurality of different parameters"

I.  "using a laser to process a material by controlling scan lines of the laser to have a controlled energy density per unit time which depends on said effective applied power levels"

J.  "defining a desired pattern of color alterations to be formed to a garment by selecting a plurality of areas on a display, defining a color that is associated with each of a plurality of abrasion levels, selecting a color to associate with each of the plurality of areas to thereby associate a level of abrasion with each of the plurality of areas"

K.  "obtaining a first garment which has a desired look to be replicated"

L.  "determining color levels of different areas of a plurality of different areas of said first garment"

M.  "controlling a laser to form said pattern by first controlling said laser according to said file to produce an effective output power in said first areas which is greater than zero, but is less than a threshold beyond which a visible change will be made to said textile material, and to increase the effective output power at a boundary between said first areas, and other areas outside said first areas"

N.  "controlling a laser to form said pattern by first controlling said laser according to said file to produce an effective output power in said first areas which is greater than

zero, but is less than a threshold beyond which a visible change will be made to said textile material, and to increase the effective output power at a boundary between said first areas, and other areas outside said first areas"

O.  "authoring a special image intended for use in changing the color of textile fabric, which has differently colored areas representing different levels of change of color to said textile fabric"

69.     By way of further example, and upon information and belief, the Accused Products do not meet, or the manufacturer(s) does not perform, the limitations found in the Asserted Claims because no lasers are involved in the manufacturing process used to make at least some of the Accused Products.

70.     A definite and concrete, real and substantial, justiciable controversy exists between Defendants/Counterclaimants and Plaintiff/Counterclaim-Defendant concerning the alleged infringement by the accused products of the '196 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

71.     Defendants/Counterclaimants are entitled to a judicial declaration that the '196 patent is not infringed.

## COUNT VII
### (Declaration of Invalidity of the '505 Patent)

72.     Defendants/Counterclaimants incorporate by reference Paragraphs 1 through 72 as if fully set forth herein.

73.     Upon information and belief, the claims of the '505 patent are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112; and/or 37 C.F.R. §§ 1.1, *et seq.*

74.     By way of example, each claim of the '505 patent, including each of the asserted claims, is invalid due to indefiniteness under 35 U.S.C. § 112, ¶ 2 (now 35 U.S.C. § 112(b)) for at least the reasons set forth in H & M Hennes & Mauritz L.P. and H & M Hennes & Mauritz AB's ("H&M") Motion for Summary Determination of Invalidity of the Asserted Patents on the Basis of Indefiniteness (attached as Exhibit A) and the associated Memorandum and Points of Authorities in Support thereof (attached as Exhibit B) (collectively, H&M's "Motion") filed on September 1, 2015 in *In the Matter of Certain Laser Abraded Denim Garments*, Investigation No. 337-TA-930 (U.S.I.T.C. Aug. 18, 2014) (the "ITC Investigation"); the briefing supporting H&M's Motion, including Respondents' Opening Claim Construction Brief and Respondents' Rebuttal Claim Construction Brief (attached as Exhibit C), both referenced in footnote 2 of H&M's Motion; the Commission Investigative Staff's briefing related to claim construction in the ITC Investigation and H&M's Motion, including, without limitation, the Commission Investigative Staff's Initial Claim Construction Brief filed in the ITC Investigation on January 14, 2015 (attached as Exhibit D) and its Rebuttal Claim Construction Brief filed in the ITC Investigation; and the Commission Investigative Staff's Response to H&M's Motion filed in the ITC Investigation on September 11, 2015 (attached as Exhibit E). *See* Fed. R. Civ. P. 10(c).

75.     By way of further example, each claim of the '505 patent, including each of the asserted claims, is invalid due to anticipation under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103 in view of at least one or more of the prior art references, devices, or events set forth in Respondents' Joint Notice of Prior Art filed in the ITC Investigation on January 9, 2015 (attached as Exhibit F) and New Respondents' Joint Notice of Prior Art filed in the ITC Investigation on May 8, 2015 (attached as Exhibit G).

76. Additionally, each claim of the '505 patent, including each of the asserted claims, is invalid due to anticipation under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103 in view of at least the following prior art references: CA 1146635 A; GB 2294656 A; US 4936608; US 5017423; US 5817271; US 5865933; US 5880430; US 6840721; WO 1989012552 A1; WO 1997016279 A1; US 5567207 (and corresponding records and logbooks from Icon Laser Solutions, LLC); and Zeus Laser System from Integrated Laser Systems, Inc. and corresponding Software.

77. Plaintiff/Counterclaim-Defendant's claims are barred because each claim of the '505 patent, including each of the asserted claims, claims patent-ineligible subject matter under 35 U.S.C. § 101. In particular, each claim of the '505 patent, including each of the asserted claims, is directed to a patent-ineligible abstract idea and/or law of nature and the elements of each such claim, when considered individually and as an ordered combination fail to transform the nature of the claim into a patent-eligible application of the abstract idea and/or law of nature and thus, fail to include an inventive concept. For example, several asserted claims recite an equation, "mathematical operation," "identifying a material," "avoid[ing] undesired" things, the relationship between "energy density per unit time" and "power," "obtaining an indication," "determining a pattern," or "determining special operational parameters" that are ineligible under 35 U.S.C. § 101.

78. Defendants/Counterclaimants reserve the right to assert any other basis for invalidity or ineligibility that becomes known to it through the course of discovery or otherwise.

79. A definite and concrete, real and substantial, justiciable controversy exists between Defendants/Counterclaimants and Plaintiff/Counterclaim-Defendant concerning the

validity of the '505 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

80.     Defendants/Counterclaimants are entitled to a judicial declaration that the '505 patent is invalid.

## COUNT VIII
### (Declaration of Noninfringement of the '505 Patent)

81.     Defendants/Counterclaimants incorporate by reference Paragraphs 1 through 81 as if fully set forth herein.

82.     The manufacture, use, sale, offer for sale, and/or importation into the United States of the accused products does not and will not literally infringe, induce infringement of, or contribute to the infringement of any valid or enforceable claim of the '505 patent.

83.     Defendants/Counterclaimants do not infringe, and have never infringed, any valid claim of the asserted patents, including the asserted claims set in paragraph 47 of the Second Amended Complaint ("Asserted Claims"), whether literally, directly, indirectly, jointly with any other person or entity, contributorily, by inducement, under the doctrine of equivalents, through importation, or otherwise under any section of 35 U.S.C. § 271, including, under 35 U.S.C. § 271(g), and, as such, is without any liability to Plaintiff/Counterclaim-Defendant.

84.     The Second Amended Complaint fails to plausibly identify or explain how each limitation of each of the Asserted Claims is performed by, or where each limitation of each of the Asserted Claims is found in, the products identified in the Second Amended Complaint, including the products set forth in paragraph 50 of the Second Amended Complaint (collectively, the "Accused Products"). None of the Accused Products or, on information and belief, the process(es) by which they were produced, taken either alone or in combination, satisfies all limitations of any of the Asserted Claims, either literally or under the doctrine of equivalents.

132

85. By way of example, and upon information and belief, the Accused Products do not meet, or the manufacturer(s) does not perform, one or more of the following limitations found in the Asserted Claims:

A. " $(\text{watts-sec}/\text{mm3}) = \left(\frac{\text{continuous power (watts)}}{(\text{area of spot (mm}^2))}\right)\left(\frac{1}{\text{speed (mm}/\text{sec})}\right)$ "

B. "applying a laser at a specified amount of energy density per unit time and per unit area which avoids undesired carbonization, melting or burn-through, to an area of said material to change some perceivable characteristic of said area of said material"

C. "determining at least one characteristic of the material, said at least one characteristic being of a kind which affects a propensity of the material to be physically altered by a radiation source"

D. "determining special operational parameters for the material with its specific characteristics, said special operational parameters which allow a focused beam of radiation to form a pattern in the material which changes the material without undesirably damaging the material"

E. "obtaining an indication of the desired pattern"

F. "investigating the pattern to determine if the pattern includes elements which are more likely to cause undesired damage to the material when applied to the material by a laser"

G. "said laser beam not being output until after said laser is moving relative to said material, to avoid overetching of the material at startup"

H. "allowing a user to enter and/or change each of a plurality of different parameters"

I.   "using a laser to process a material by controlling scan lines of the laser to have a controlled energy density per unit time which depends on said effective applied power levels"

J.   "defining a desired pattern of color alterations to be formed to a garment by selecting a plurality of areas on a display, defining a color that is associated with each of a plurality of abrasion levels, selecting a color to associate with each of the plurality of areas to thereby associate a level of abrasion with each of the plurality of areas"

K.   "obtaining a first garment which has a desired look to be replicated"

L.   "determining color levels of different areas of a plurality of different areas of said first garment"

M.   "controlling a laser to form said pattern by first controlling said laser according to said file to produce an effective output power in said first areas which is greater than zero, but is less than a threshold beyond which a visible change will be made to said textile material, and to increase the effective output power at a boundary between said first areas, and other areas outside said first areas"

N.   "controlling a laser to form said pattern by first controlling said laser according to said file to produce an effective output power in said first areas which is greater than zero, but is less than a threshold beyond which a visible change will be made to said textile material, and to increase the effective output power at a boundary between said first areas, and other areas outside said first areas"

O.   "authoring a special image intended for use in changing the color of textile fabric, which has differently colored areas representing different levels of change of color to said textile fabric"

86.     By way of further example, and upon information and belief, the Accused Products do not meet, or the manufacturer(s) does not perform, the limitations found in the Asserted Claims because no lasers are involved in the manufacturing process used to make at least some of the Accused Products.

87.     A definite and concrete, real and substantial, justiciable controversy exists between Defendants/Counterclaimants and Plaintiff/Counterclaim-Defendant concerning the alleged infringement by the accused products of the '505 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

88.     Defendants/Counterclaimants are entitled to a judicial declaration that the '505 patent is not infringed.

## COUNT IX
### (Declaration of Invalidity of the '972 Patent)

89.     Defendants/Counterclaimants incorporate by reference Paragraphs 1 through 89 as if fully set forth herein.

90.     Upon information and belief, the claims of the '972 patent are invalid for failing to meet one or more requirements for patentability under Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112; and/or 37 C.F.R. §§ 1.1, *et seq.*

91.     By way of example, each claim of the '972 patent, including each of the asserted claims, is invalid due to indefiniteness under 35 U.S.C. § 112, ¶ 2 (now 35 U.S.C. § 112(b)) for at least the reasons set forth in H & M Hennes & Mauritz L.P. and H & M Hennes & Mauritz AB's ("H&M") Motion for Summary Determination of Invalidity of the Asserted Patents on the Basis of Indefiniteness (attached as Exhibit A) and the associated Memorandum and Points of Authorities in Support thereof (attached as Exhibit B) (collectively, H&M's "Motion") filed on September 1, 2015 in *In the Matter of Certain Laser Abraded Denim Garments*, Investigation

135

No. 337-TA-930 (U.S.I.T.C. Aug. 18, 2014) (the "ITC Investigation"); the briefing supporting H&M's Motion, including Respondents' Opening Claim Construction Brief and Respondents' Rebuttal Claim Construction Brief (attached as Exhibit C), both referenced in footnote 2 of H&M's Motion; the Commission Investigative Staff's briefing related to claim construction in the ITC Investigation and H&M's Motion, including, without limitation, the Commission Investigative Staff's Initial Claim Construction Brief filed in the ITC Investigation on January 14, 2015 (attached as Exhibit D) and its Rebuttal Claim Construction Brief filed in the ITC Investigation; and the Commission Investigative Staff's Response to H&M's Motion filed in the ITC Investigation on September 11, 2015 (attached as Exhibit E). *See* Fed. R. Civ. P. 10(c).

92.    By way of further example, each claim of the '972 patent, including each of the asserted claims, is invalid due to anticipation under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103 in view of at least one or more of the prior art references, devices, or events set forth in Respondents' Joint Notice of Prior Art filed in the ITC Investigation on January 9, 2015 (attached as Exhibit F) and New Respondents' Joint Notice of Prior Art filed in the ITC Investigation on May 8, 2015 (attached as Exhibit G).

93.    Additionally, each claim of the '972 patent, including each of the asserted claims, is invalid due to anticipation under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103 in view of at least the following prior art references: CA 1146635 A; GB 2294656 A; US 4936608; US 5017423; US 5817271; US 5865933; US 5880430; US 6840721; WO 1989012552 A1; WO 1997016279 A1; US 5567207 (and corresponding records and logbooks from Icon Laser Solutions, LLC); and Zeus Laser System from Integrated Laser Systems, Inc. and corresponding Software.

94.     Plaintiff/Counterclaim-Defendant's claims are barred because each claim of the '972 patent, including each of the asserted claims, claims patent-ineligible subject matter under 35 U.S.C. § 101. In particular, each claim of the '505 patent, including each of the asserted claims, is directed to a patent-ineligible abstract idea and/or law of nature and the elements of each such claim, when considered individually and as an ordered combination fail to transform the nature of the claim into a patent-eligible application of the abstract idea and/or law of nature and thus, fail to include an inventive concept. For example, several asserted claims recite an equation, "mathematical operation," "identifying a material," "avoid[ing] undesired" things, the relationship between "energy density per unit time" and "power," "obtaining an indication," "determining a pattern," or "determining special operational parameters" that are ineligible under 35 U.S.C. § 101.

95.     Defendants/Counterclaimants reserve the right to assert any other basis for invalidity or ineligibility that becomes known to it through the course of discovery or otherwise.

96.     A definite and concrete, real and substantial, justiciable controversy exists between Defendants/Counterclaimants and Plaintiff/Counterclaim-Defendant concerning the validity of the '972 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

97.     Defendants/Counterclaimants are entitled to a judicial declaration that the '972 patent is invalid.

## COUNT X
### (Declaration of Noninfringement of the '972 Patent)

98.     Defendants/Counterclaimants incorporate by reference Paragraphs 1 through 98 as if fully set forth herein.

99.     The manufacture, use, sale, offer for sale, and/or importation into the United States of the accused products does not and will not literally infringe, induce infringement of, or contribute to the infringement of any valid or enforceable claim of the '972 patent.

100.     Defendants/Counterclaimants do not infringe, and have never infringed, any valid claim of the asserted patents, including the asserted claims set in paragraph 47 of the Second Amended Complaint ("Asserted Claims"), whether literally, directly, indirectly, jointly with any other person or entity, contributorily, by inducement, under the doctrine of equivalents, through importation, or otherwise under any section of 35 U.S.C. § 271, including, under 35 U.S.C. § 271(g), and, as such, is without any liability to Plaintiff/Counterclaim-Defendant.

101.     The Second Amended Complaint fails to plausibly identify or explain how each limitation of each of the Asserted Claims is performed by, or where each limitation of each of the Asserted Claims is found in, the products identified in the Second Amended Complaint, including the products set forth in paragraph 50 of the Second Amended Complaint (collectively, the "Accused Products"). None of the Accused Products or, on information and belief, the process(es) by which they were produced, taken either alone or in combination, satisfies all limitations of any of the Asserted Claims, either literally or under the doctrine of equivalents.

102.     By way of example, and upon information and belief, the Accused Products do not meet, or the manufacturer(s) does not perform, one or more of the following limitations found in the Asserted Claims:

A.   "$(\text{watts-sec}/\text{mm}3) = \left( \dfrac{\text{continuous power (watts)}}{\text{(area of spot (mm}^2\text{))}} \right)\left( \dfrac{1}{\text{speed (mm/sec)}} \right)$"

B.   "applying a laser at a specified amount of energy density per unit time and per unit area which avoids undesired carbonization, melting or burn-through, to an area of said material to change some perceivable characteristic of said area of said material"

138

C. "determining at least one characteristic of the material, said at least one characteristic being of a kind which affects a propensity of the material to be physically altered by a radiation source"

D. "determining special operational parameters for the material with its specific characteristics, said special operational parameters which allow a focused beam of radiation to form a pattern in the material which changes the material without undesirably damaging the material"

E. "obtaining an indication of the desired pattern"

F. "investigating the pattern to determine if the pattern includes elements which are more likely to cause undesired damage to the material when applied to the material by a laser"

G. "said laser beam not being output until after said laser is moving relative to said material, to avoid overetching of the material at startup"

H. "allowing a user to enter and/or change each of a plurality of different parameters"

I. "using a laser to process a material by controlling scan lines of the laser to have a controlled energy density per unit time which depends on said effective applied power levels"

J. "defining a desired pattern of color alterations to be formed to a garment by selecting a plurality of areas on a display, defining a color that is associated with each of a plurality of abrasion levels, selecting a color to associate with each of the plurality of areas to thereby associate a level of abrasion with each of the plurality of areas"

K. "obtaining a first garment which has a desired look to be replicated"

L. "determining color levels of different areas of a plurality of different areas of said first garment"

M. "controlling a laser to form said pattern by first controlling said laser according to said file to produce an effective output power in said first areas which is greater than zero, but is less than a threshold beyond which a visible change will be made to said textile material, and to increase the effective output power at a boundary between said first areas, and other areas outside said first areas"

N. "controlling a laser to form said pattern by first controlling said laser according to said file to produce an effective output power in said first areas which is greater than zero, but is less than a threshold beyond which a visible change will be made to said textile material, and to increase the effective output power at a boundary between said first areas, and other areas outside said first areas"

O. "authoring a special image intended for use in changing the color of textile fabric, which has differently colored areas representing different levels of change of color to said textile fabric"

103.  By way of further example, and upon information and belief, the Accused Products do not meet, or the manufacturer(s) does not perform, the limitations found in the Asserted Claims because no lasers are involved in the manufacturing process used to make at least some of the Accused Products.

104.  A definite and concrete, real and substantial, justiciable controversy exists between Defendants/Counterclaimants and Plaintiff/Counterclaim-Defendant concerning the alleged infringement by the accused products of the '972 patent, which is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

105.    Defendants/Counterclaimants are entitled to a judicial declaration that the '972 patent is not infringed.

## COUNT XI
### (Declaration of Unenforceability Due to Inequitable Conduct)

106.    Defendant/Counterclaimants incorporate by reference Paragraphs 1 through 105 as if fully set forth herein.

107.    Upon information and belief, the claims of the '444, '196, and '602 patents are unenforceable due to the inequitable conduct of Darryl Costin (the alleged inventor), Scott Harris (prosecuting attorney), and others at assignee TechnoLines, Inc., ("TechnoLines")[4] in misrepresenting inventorship to the United States Patent and Trademark Office.

108.    The '444, '196, and '602 patents name Darryl Costin as the inventor of the claimed technology in this case. However, the claimed inventions of each of the '444, '196, and '602 patents trace back in various ways to the same technology disclosed in U.S. Patent Application No. 08/550,339 ("the '339 Application"). The '339 Application listed Dr. Larissa Sheveleva, an immigrant from the Soviet Union, as its *sole* inventor. In the '339 Application, Dr. Sheveleva set forth detailed descriptions of using controllable lasers to create patterns in fabric in a manner claimed and described in each of the '444, '196, and '602 patents.

109.    The '444 patent is described as a continuation-in-part of the '339 Application, the '196 Patent is a divisional application of the '444 patent, and the '602 patent has a specification that is a *word for word copy* of the '339 Application.

110.    Throughout the prosecution of the '339 Application, Dr. Sheveleva claimed to have solely invented the technology described and claimed in the '339 Application prior to July

---

[4]  On information and belief, TechnoLines LLC is a successor-in-interest to TechnoLines, Inc. This pleading will refer to both entities as "TechnoLines" for simplicity. TechnoLines is a predecessor to the Plaintiff RevoLaze LLC.

31, 1994. Gary M. Sutter was originally listed as the prosecuting attorney. On or about April 15, 1997, Scott Harris replaced Mr. Sutter as the prosecuting attorney for the '339 Application. *See* Revocation and New Power of Attorney (Apr. 15, 1997).

111.    On or about April 15, 1997, Mr. Harris (on behalf of assignee TechnoLines) filed a request with the USPTO to deny Dr. Sheveleva access to the '339 Application. The USPTO grated the requested on June 9, 1997. *See* Request for Restriction of Access by Assignee Under MPEP 106 (Apr. 15, 1997). Nonetheless, after excluding Dr. Sheveleva from the prosecution of the '339 Application, Mr. Harris continued to submit to the USPTO the declarations and other documents concerning the timing and inventorship of the technology described and claimed in the '339 Application. These documents asserted that Dr. Sheveleva alone invented the subject matter of the application prior to July 31, 1994. The '339 Application never issued as a patent. The claims were deemed unpatentable due to anticipation by the prior art and failure to list all inventors.

112.    On October 11, 1996, Mr. Sutter filed U.S. Patent Application No. 08/729,493 ("the '493 Application"), which issued as the '444 Patent. When filed, the '493 Application listed four inventors, including Darryl Costin and Dr. Sheveleva. Dr. Costin has been the CEO of TechnoLines since its inception in 1993. As noted above, the '493 Application was filed as a continuation-in-part of the '339 Application.

113.    On or about March 22, 1999, Mr. Harris submitted a Correction of Inventorship Under Rule 48(b) ("Correction") deleting all named inventors except Dr. Costin from the '493 Application. The Correction stated: "All claims directed to coloring agents and other inventive contribution [sic] of the inventors Alexandra Liebertz, Larissa Sheveleva, Troy Moore, and Heather Costin have been cancelled herein. This leaves only the inventive contribution of Darryl

Costin. These inventors' contributions are no longer being claimed in this application." Correction of Inventorship (Mar. 22, 1999).

114. The statements in the Correction amount to a material misrepresentation concerning Dr. Sheveleva's inventive contributions to the claims of the '493 Application. In particular, the '493 Application is a continuation-in-part of the '339 Application, which lists Dr. Sheveleva as the sole inventor. In order to properly claim priority as a continuation-in-part of the '339 Application, the '493 Application was required to have overlapping inventorship with the '339 Application. Thus, the alleged inventions claimed in the '493 Application must be based in whole or in part on inventive contribution by Dr. Sheveleva or such claim to priority is invalid and evidences the material misrepresentation of inventorship. Similarly, the '196 patent that is a divisional of the '444 patent fails to list Dr. Sheveleva as the named inventor.

115. Dr. Sheveleva's contributions to the claims of the '444 and '196 patents include at least the following concepts disclosed in the '339 Application: (1) changing power of the laser; (2) changing the speed of the laser; (3) changing spot size of the laser; (4) using a laser to make a design on denim; (5) making calculations; and (6) avoiding burn-through.

116. Mr. Harris and Dr. Costin materially misrepresented Dr. Sheveleva's contributions to the claims of the '444 and '196 patents with specific intent to deceive the USPTO. Specific intent may be inferred, for example, by the fact that Mr. Harris and Dr. Costin knew of Dr. Sheveleva's contributions through the '339 Application. Further, such specific intent is evidenced from the Applications' deletion of the inventor who provided the basis for the priority claim of the '444 application to the '339 application, without removal of that priority claim. In addition, Mr. Harris, on behalf of TechnoLines (Dr. Costin was the CEO of this company) barred Dr. Sheveleva from accessing the '339 Application. The conduct of Mr. Harris

and Dr. Costin demonstrates a concerted effort to misrepresent Dr. Sheveleva's contributions to the claimed inventions and deceive the PTO into believing that Dr. Costin was the sole inventor.

117.    The same is true with respect to the '602 patent. U.S. Patent Application No. 08/844,114 ("the '114 Application"), which issued as the '602 Patent, was filed on April 29, 1997. Dr. Costin was listed as the sole inventor and Mr. Harris was listed as the prosecuting attorney.

118.    Despite claiming sole inventorship, the specification of the '602 patent, including the "Abstract," "Background of the Invention," "Summary of the Invention," and "Detailed Description of the Preferred Embodiment" sections are a *word-for-word* copy of the corresponding sections of the specification of the '339 Application. Further, the Figures of the '602 patent are identical to the drawings submitted with the '339 Application, apart from shading, handwriting, and other non-substantive design elements. In short, the specification of the '602 patent is substantively identical to the specification of the '339 Application.

119.    As noted above, during the prosecution of the '339 Application, Mr. Harris represented to the PTO on multiple occasions that Dr. Sheveleva was the sole inventor of the subject matter described in the '339 Application. Nonetheless, by filing the '114 Application and listing Dr. Costin as the sole inventor, Mr. Harris and Dr. Costin falsely represented that Dr. Costin was the sole inventor of that same subject matter.

120.    Indeed, when the '114 Application was originally filed, Dr. Costin and Mr. Harris claimed priority to the '339 Application, a claim of priority that was rejected by the PTO because the applications had different inventors. (*See* '114 Application, First Office Action dated September 30, 1998.) In response, Dr. Costin and Mr. Harris conceded that the '114 should not be a continuation of the '339 application, but claimed the invention date of the '114 application's

claims was "at least as early as the filing date of the '339 application." (*See* '114 Application, Response to First Office Action dated January 6, 1999.) Such a claim is clearly contradictory to the admission of joint inventorship originally asserted in the '493 application as a continuation in part of the '339 application.

121.    The misrepresentation concerning Dr. Costin's inventorship was material to the patentability of the claims of the '114 Application. The USPTO would not have allowed the claims of the '114 Application to issue had the USPTO known that the alleged sole named inventor had not in fact invented them or falsely asserted either joint invention or that Dr. Sheveleva was a proper inventor.

122.    The misrepresentation concerning Dr. Costin's inventorship was made with specific intent to deceive the PTO. Intent can be inferred, for example, by the fact that Mr. Harris and Dr. Costin knew of the '339 Application, and failed to make any correction to either the '339 or '114 applications when the PTO cited the different claimed inventors for these substantively identical applications. Furthermore, the timing of the '114 Application (April 1997) indicates that the '114 Application was filed as part of Dr. Costin's and Mr. Harris's scheme to deceive the PTO into believing that it was Dr. Costin, rather than Dr. Sheveleva, who invented the subject matter.

123.    In addition to the '339 Application itself serving as prior art to the '114 Application, the declarations and other evidence submitted during the prosecution of the '339 Application constitute material evidence that Dr. Sheveleva was the sole inventor of the subject matter, that she had invented it prior to July 31, 1994, and that the '339 Application represented "the culmination of many years of work [by Dr. Sheveleva] on commercializing this subject matter."'339 Application, Declaration of Larissa Sheveleva Under Rule 131 (May 30, 1997). In

another declaration supporting the '339 Application made by Dr. Sheveleva's daughter, Valentina Khutorsky, core features claimed by Dr. Costin as his own in the '114 Application are described as having been invented by Dr. Sheveleva: "I know from personal experience that my mother made designs by keeping the laser moving within a speed that allowed changing the color of the fabric without burning or making holes in the fabric. Hence she controlled the speed of the laser within a range between a maximum speed, and a minimum speed where the laser would have burned the material." '339 Application, Declaration of Valentina Khutorsky (Aug. 4, 1999). Mr. Harris and Dr. Costin failed to inform the PTO of this evidence or make any correction to the differing inventorship claims of the substantively identical '339 and '114 applications.

124.    The omission concerning the evidence of Dr. Sheveleva's inventorship was made with a specific intent to deceive the PTO. When Mr. Harris and Dr. Costin filed the '114 Application in April 1997, they included a Declaration from Dr. Costin stating "I believe I am the original, first and sole inventor" of the invention sought in the '114 Application. Meanwhile, in the '339 Application, on or about May 30, 1997, Mr. Harris submitted a declaration to the PTO from Dr. Sheveleva stating "I am the inventor of the subject matter that is described and claimed in patent application no. 08/550,339." '339 Application, Declaration of Larissa Sheveleva Under Rule 131 (May 30, 1997).

125.    As discussed above, the subject matter in both applications is the same. Indeed, as late as May 11, 2005, Mr. Harris submitted a brief to the USPTO's Board of Patent Appeals and Interferences insisting that Dr. Sheveleva was the sole inventor of the subject matter described and claimed in the '339 Application. *See* '339 Application, Applicants Brief on Appeal dated May 11, 2005. Nonetheless, in April 1997, Mr. Harris represented to the PTO that Dr. Costin was the

sole inventor of the very same subject matter. These assertions clearly indicate an intent to deceive the PTO by making two conflicting representations concerning the issue of inventorship.

126.    Thus, due to the inequitable conduct of Mr. Harris and Dr. Costin, the '444, '196, and '602 patents are unenforceable. Accordingly, Defendant/Counterclaimants are entitled to a judicial declaration that the '444, '196, and '602 patents are unenforceable due to the inequitable conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants/Counterclaimants requests the following relief:

a)    Dismissing Plaintiff's Second Amended Complaint with prejudice, denying each request for relief made by Plaintiff, and entering judgment against Plaintiff;

b)    Declaring all asserted claims of the '444 patent invalid;

c)    Declaring all asserted claims of the '444 patent not infringed by the accused products;

d)    Declaring all asserted claims of the '602 patent invalid;

e)    Declaring all asserted claims of the '602 patent not infringed by the accused products;

f)    Declaring all asserted claims of the '196 patent invalid;

g)    Declaring all asserted claims of the '196 patent not infringed by the accused products;

h)    Declaring all asserted claims of the '505 patent invalid;

i)    Declaring all asserted claims of the '505 patent not infringed by the accused products;

j)    Declaring all asserted claims of the '972 patent invalid;

k)       Declaring all asserted claims of the '972 patent not infringed by the accused products;

l)       Declaring that '444, '196, and '602 patents are unenforceable due to the inequitable conduct;

m)       Declaring that this case is exceptional under 35 U.S.C. § 285, and awarding Defendants/Counterclaimants their attorneys' fees, costs, and expenses in this action; and

n)       Awarding Defendants/Counterclaimants such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Defendants, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated:  December 3, 2019

Respectfully submitted by:

*/s/ Janine A. Carlan, with permission by*
*Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500
Tyler, Texas  75702
Tel:  (903) 597-8311
Fax:  (903) 593-0846
mikejones@potterminton.com

ARENT FOX LLP
Janine A. Carlan
Taniel E. Anderson
Jasjit S. Vidwan (*Pro Hac Vice*)
1717 K Street, NW
Washington, DC 20006-5344
Tel: (202) 857-6000
janine.carlan@arentfox.com
jasjit.vidwan@arentfox.com

*ATTORNEYS FOR DEFENDANTS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on December 3, 2019.


<u>*/s/ Michael E. Jones*</u>